### CONTINENTAL CASUALTY COMPANY *v.* PITTMAN.

It appearing from the evidence, on the trial of an action upon a policy of accident insurance, that the insured died from sunstroke which overcame him as he was performing his ordinary duties as fireman on a locomotive engine on a hot summer day, and nothing appearing to show that the sunstroke was due to "external, violent, and accidental means," within the meaning of those terms as used in the policy, the verdict in favor of the beneficiary therein was unauthorized.
AUGUST 18, 1916.

Action upon accident-insurance policy. Before Judge Ellis. Fulton superior court. August 4, 1915.

*M. P. Cornelius, Manton Maverick, Robert H. Jones Jr.,* and *Little, Powell, Smith & Goldstein,* for plaintiff in error.

*M. P. McWhorter* and *E. A. Neely,* contra.

41

BECK, J. Mrs. Caroline Pittman, the mother of Herbert Pittman, recovered on the trial of a suit upon a policy of accident insurance issued by the Continental Casualty Company. One clause of the policy provides for payments of indemnities set forth, for bodily injuries caused through external, violent, and purely accidental means; and another clause reads as follows: "If sunstroke, freezing, or hydrophobia, due in either case to external, violent, and accidental means, shall result, independently of all other causes, in the death of the insured within ninety days from date of exposure or infection, the company will pay said principal sum." The plaintiff was the beneficiary in the policy. The insured suffered a sunstroke on July 19, 1913, and died on that date. He was a railroad fireman, and occupied a position on the sunny side of the cab of an engine on a train running from Macon to Atlanta, Georgia. The weather was very hot, and the insured was exposed to the sun and to the heat of the engine. Coming from Macon to Atlanta, he was almost continuously firing; he became overheated, was taken with a high fever, and suffered a sunstroke which had been produced by the extremely high heat to which he had been subjected in the performance of his duties.

The verdict in favor of the plaintiff was unauthorized, and should have been set aside. The death of the insured was from sunstroke, which overcame the decedent while he was performing his ordinary duties in the ordinary way upon a hot summer day; and there is nothing in the evidence to show that the sunstroke was due to "external, violent, and accidental means," within the meaning of those terms as employed in the policy sued upon. Bryant v. Continental Casualty Co. (Texas Civ. App.), 145 S. W. 636, and cases there cited.

*Judgment reversed. All the Justices concur.*