## 7582.  FULTON *v.* METROPOLITAN CASUALTY INSURANCE COMPANY.

1. The court did not err in excluding testimony as to sayings of the plaintiff's husband regarding the probable cause of his pains or illness, these sayings not being within the exception to the hearsay rule as declared by the Civil Code (1910), § 5766. They were not a part of the occurrence to which they related, but rather a narrative concerning something that had taken place in the past.

2. Where an accident policy insured against "the effects of bodily injuries sustained directly, solely, and exclusively through accidental means," resulting in the death of the insured, it was necessary, in an action thereon, to show that in the act which preceded the injury alleged to have caused his death something unforeseen, unexpected, or unusual occurred.

3. While, in such case, the allegation that the insured met his death "solely and exclusively through accidental means, to wit, by the accidental straining of his physical body through the exertion of pulling and pushing a boat from dry land into water, from the result of which straining a blood vessel in the stomach became ruptured and death ensued," may be sustained by proof of circumstances, as well as by direct evidence, the proved facts in this case, considered in connection with the defensive facts developed upon cross-examination, were not sufficient to make a jury question. Accordingly the court did not err in directing a verdict. *Evans* v. *Josephine Mills,* 119 *Ga.* 448 (46 S. E. 674).

DECIDED JANUARY 23, 1917.

Action on insurance policy; from city court of Savannah—Judge Davis Freeman. May 10, 1916.

*Twiggs & Gazan,* for plaintiff.  *Bryan, Jordan & Middlebrooks, David S. Atkinson, W. R. Tichenor,* for defendant.

GEORGE, J.  Mrs. Fannie J. Fulton filed suit against the Metropolitan Casualty Insurance Company and alleged, that she was the widow of Abraham J. Fulton, that the defendant issued to him an accident policy, under the terms and stipulations of which he was insured for $3,000 against the effects of bodily injury sustained directly, solely, and exclusively through accidental means, and that for loss of life so resulting the defendant contracted and obligated itself to pay that sum to the beneficiary named in the policy, the plaintiff in this action; and that he died on September 12, 1915, "directly, solely, and exclusively through accidental means, to wit, by the accidental straining of his physical body through the exertion of pushing and pulling a boat from dry land into water, and also from the accidental straining due to the casting of a seine net, from the result of which straining a blood vessel in the stomach became ruptured and death ensued." The defendant in its answer denied the paragraph of the petition above quoted as to the cause of the death of the insured. Other defenses set up in the answer are not material to this decision. On the trial of the case the judge, at the conclusion of the plaintiff's evidence, sustained a motion to nonsuit.

1. During the progress of the case the plaintiff sought to prove by three witnesses certain statements made by the deceased as to his physical condition and as to the cause thereof; and in each instance the court excluded the testimony offered. The plaintiff excepts to these rulings. These exceptions will be treated together. The evidence ruled out involves an identical principle of law. The answers excluded may be stated as follows: "I hurt myself in getting the boat out of the mud to go casting; I strained myself in lifting the boat out of the mud." These statements were made some sixteen hours after the occurrence to which they related. There was no error in excluding this testimony. *W. & A. R. Co.* v. *Beason,* 112 *Ga.* 553 (37 S. E. 863).

2. The policy in this case insured against the effects of bodily injury sustained "directly, solely, and exclusively" through accidental means. There is an apparent and perhaps actual conflict in the decided cases, both English and American, in construing the clause contained in this policy and quoted above. Many of

the courts have distinguished between a clause insuring against death by accident and a death occasioned by accidental means. There is a line of decisions holding that an injury may be "accidental in character" where it results from an intentional and voluntary act, performed in the usual, ordinary, and intended manner by the insured, while there is another line of decisions to the effect that, where the act itself was foreseen and intended, and performed in the ordinary and usual manner by the insured, the act can not be considered as an "accidental means." This court is bound by the construction given the above-quoted clause by the Supreme Court of Georgia. Such a provision in an accident policy was considered by that court in *Cobb* v. *Preferred Mutual Accident Association,* 96 *Ga.* 818 (22 S. E. 976), and it was there ruled: "Where an accident insurance policy insured the person to whom it was issued 'against bodily injuries effected through external, violent, and accidental means,' and on the trial of an action thereon, predicated upon the loss of an eye, it appeared from the evidence that the plaintiff, while in an emaciated and feeble condition, after safely alighting from a train, carried his baggage, weighing from sixty to eighty pounds, a distance of about fifty yards and ' injured himself in some way or other ' in so doing, so that soon after putting the baggage down a defect in the vision of one of his eyes became apparent, which finally resulted in a total loss of sight as to that eye; and it also appeared that the plaintiff had not fallen, nor received a blow, or jar, or shock of any kind, and that there was nothing unusual in his manner of carrying the baggage or in his locomotion while so doing, no case for a recovery was made. Even if the plaintiff's injury was attributable to the carrying of the baggage, it was not effected by 'external,' 'violent,' or 'accidental' means in the sense in which these words are used in the policy." Counsel for the plaintiff in error insist that the words "external" and "violent," in the policy in that case distinguish it from the case now under consideration; but it is to be noted that the decision in that case declares that the means alleged to have produced the injury were not effected by external, violent, or accidental means in the sense in which these words were used in the policy. The Supreme Court, in *Atlanta Accident Association* v. *Alexander,* 104 *Ga.* 709 (30 S. E. 939, 42 L. R. A. 188), again construes

the same provision involved in the *Cobb* case, supra. It is to be noted that in both cases the decisions were announced by Chief Justice Simmons. In the course of his opinion in the *Alexander* case he said: "We think the evidence in the present case was sufficient to authorize the jury to infer that the plaintiff's husband was injured in the manner described in the policy. It appears from the record that he was a hale, hearty man; his occupation was that of blacksmith; it was his duty upon this occasion to use a heavy sledge-hammer; he had used it many times before in the course of his business; on this particular occasion, in striking a slanting blow he suddenly felt a severe pain in the lower part of his abdomen; the injury proved to be a rupture producing hernia, which injury resulted, in a few days, in death. Taking all the facts together, the fact of his previous good health, the fact that he had many times before used the hammer, the sudden pain after the blow of the hammer, and other facts which appeared, the jury could properly infer that the act which preceded the injury was something unforeseen, unexpected, and unusual, and that the injury resulted directly and immediately from such act, and was therefore produced by external, violent, and accidental means." Attention is called to the concluding sentence in this quotation. This sentence states the rule as announced in the *Cobb* case, supra, and as set forth in the second headnote in the present case.

In the case of the *Continental Casualty Co.* v. *Pittman,* 145 Ga. 641 (89 S. E. 716), the Supreme Court decided as follows: "It appearing from the evidence, on the trial of an action upon a policy of accident insurance, that the insured died from sunstroke which overcame him as he was performing his ordinary duties as fireman on a locomotive engine on a hot summer day, and nothing appearing to show that the sunstroke was due to 'external, violent, and accidental means,' within the meaning of these terms as used in the policy, the verdict in favor of the beneficiary therein was unauthorized." One clause in the policy under construction in the case last cited provides for the payment of indemnities set forth for bodily injuries caused through external, violent, and purely accidental means, and another clause reads as follows: "If sunstroke, freezing, or hydrophobia, due in either case to external, violent, and accidental means, shall result, independently of all other causes, in the death of the insured

within ninety days from the date of exposure or infection, the company will pay said principal sum." The person insured in that case was a railroad fireman and occupied a position on the sunny side of the cab of his engine. The weather was very hot, and he was exposed to the sun and to the heat of the engine. He became overheated, was taken with a high fever, and suffered a sunstroke produced by the extremely high heat to which he had been subjected in the performance of his duties. To quote from the opinion of the court in that case: "The death of the insured was from sunstroke, which overcame the decedent while he was performing his ordinary duties in the ordinary way upon a hot summer day; there is nothing in the evidence to show that the sunstroke was due to 'external, violent, and accidental means,' within the meaning of those terms as employed in the policy sued upon."

It will be seen that, if there is a seeming conflict between the *Cobb* case and the *Alexander* case, supra, the *Pittman* case, supra, decided by the Supreme Court on August 18, 1916, recognizes the rule which we have adopted in the second headnote in the instant case. The rule which seems to reconcile the cases involving a construction of this, or a similar clause, in an accident policy of insurance, is that when the facts show that no unforeseen, unexpected, unusual, unintentional, or involuntary muscular effort or exertion occurred in the doing of the act which preceded the injury, the injury can not be regarded as resulting from accidental means; but where the circumstances under which the injury was sustained were such as to call for a severe effort or exertion, in the course of which the insured may have been placed in a position where some unforeseen, unexpected, unusual, unintentional, or involuntary movement produced a physical injury, it is a question of fact for the jury whether the injury was caused by such involuntary strain; in which case the means are accidental.

It is not suggested that all of the decisions of the American courts can be harmonized upon the rule stated, but, applying the same to the *Cobb* case, supra, it will be seen that the facts precluded the reasonable probability that any unintentional or involuntary strain or demand was made upon the plaintiff, while in the *Alexander* case, supra, the insured was using a hammer which he intended to use, and in a way in which he intended to use it,

and in a way in which he had used it many times before in the course of his business, yet in striking a *slanting* blow he *suddenly* felt a severe pain in the lower part of his abdomen. These facts, coupled with his previous good health, do not preclude the reasonable probability that on the occasion of his injury he may have unexpectedly and unintentionally placed himself in a position which called for the unusual strain upon the muscles of his abdomen and produced the injury from which he died. The question to be determined is whether, in the doing of the act, intentionally and purposely undertaken, anything occurs, or any facts or circumstances are shown, from which the jury may reasonably infer that something did occur to call for unintentional and involuntary physical exertion on the part of the insured. The insured may have attempted in an ordinary and accustomed way to perform a particular act, and if he did so, and if there were no facts from which it can legally be found by the jury that anything unforeseen or unexpected occurred to require of the insured unintentional or involuntary physical exertion, his death can not be considered as resulting from accidental means, within the meaning of the terms of the policy involved in the instant case.

3. The conclusion stated in the third headnote requires no elaboration. The plaintiff relied entirely on circumstances to prove the cause or means of injury alleged to have been sustained by the insured, and the proved facts do not meet the requirements of the rule of circumstantial evidence as applied to civil cases. The judge did not err in granting a nonsuit.

*Judgment affirmed. Wade, C. J., and Luke, J., concur.*