## Clarence E. Higgins, by Grace Higgins, Conservator, Appellant, v. Midland Casualty Company, Appellee.

### Gen. No. 6,378.

1. INSURANCE—*when injury not due to accident.* In an action to recover upon an accident insurance policy, under the terms of which recovery could only be had if the injury was the result of accident, and where it appeared that the injured person suffered sunstroke while on duty in the usual way as a traffic policeman, *held* that the sunstroke was not due to accident and that the court properly directed a verdict for the defendant.

2. INSURANCE—*when burden of proof is on plaintiff.* In actions upon accident insurance policies, the plaintiff assumes the burden of showing that the injury was sustained through accidental means.

Appeal from the Circuit Court of Winnebago county; the Hon. ARTHUR H. FROST, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed April 19, 1917.

B. JAY KNIGHT and KARL J. MOHR, for appellant.

R. K. WELSH and CLELAND, LEE & PHELPS, for appellee; McKENZIE CLELAND, of counsel.

MR. PRESIDING JUSTICE NIEHAUS delivered the opinion of the court.

The appellant, Clarence E. Higgins, by Grace Higgins, his conservator, brought this suit against the appellee, Midland Casualty Company, to recover a weekly indemnity under the provisions of an accident insurance policy issued to the appellant by the appellee on June 20, 1912. The accident alleged was a sunstroke, which it is claimed the appellant suffered on June 4, 1913. It appears from the evidence that the appellant was a traffic policeman in the City of Rockford, and on the day in question he was stationed on the corner of Main and State streets in that city, and

in the usual and customary way was performing his duties as policeman in regulating the street traffic at the time he was stricken.

To entitle the appellant to recover, it was necessary to show, under the terms of the policy, that the injury suffered by him which caused his disability, namely, the sunstroke, was the result of accidental means. The proof, however, is to the effect that the sunstroke was not sustained by him through accidental means; that it came in the usual order of nature and was the result of ordinary physical conditions; and that it came to him while he was pursuing his avocation in the usual way, and, apparently, as he always had. A sunstroke suffered under these circumstances cannot be regarded as accidental any more than a stroke of apoplexy could be so regarded; neither does the fact that it was unexpected and unforeseen make it accidental. In the *Semancik* case, in which the insured died from sunstroke, the Pennsylvania Superior Court pointedly states the rule governing cases where recovery is sought under similar provisions in insurance policies: "The plaintiff assumes the burden of showing that her husband died from sunstroke, and that this was effected through external, violent and purely accidental means. * * * Voluntary exposure to heat or cold, with a knowledge of the existing conditions and action by the insured in an intended and ordinary manner, under such circumstances resulting in bodily injury, does not present a state of facts on which the court can, with confidence, declare that such injury was effected by accidental means, although the injury was accidental, in that it was not designed nor anticipated. * * * There was manifestly an intention to make the policy cover cases of sunstroke, freezing and hydrophobia, only when some accident was the means of the injury." (*Semancik v. Continental Casualty Co.*, 56 Pa. Super. Ct. 392.)

While it is true that the Supreme Court of Texas, by its decision in *Bryant v. Continental Casualty Co.*, 182 S. W. 673, apparently reached a different conclusion, yet the weight of authority is in accordance with the rule as stated in the *Semancik* case. *Dozier v. Fidelity & Casualty Co. of New York*, 46 Fed. 446; *Herdic v. Maryland Casualty Co.*, 146 Fed. 396; *Sinclair v. Maritime Passenger Assur. Co.*, 3 Ellis & Ellis 478; *Continental Casualty Co. v. Pittman*, 145 Ga. 641, 89 S. E. 716.)

We conclude, therefore, that the court properly directed a verdict for the appellee, and the judgment is affirmed.

*Judgment affirmed.*