#### 10376. JOHNSON, administrator, *v.* ÆTNA LIFE INSURANCE COMPANY.

1. Where a verdict is directed for the defendant and exception thereto is brought to this court by the plaintiff, the direction of the verdict will be affirmed where it appears from all the evidence, both for the plaintiff and the defendant, with all reasonable deductions therefrom, that the verdict was demanded. The fact that the trial judge, at the conclusion of plaintiff's evidence, refused to award a nonsuit will not be considered as adjudicating that there was an issue of fact for the jury.

2. The plaintiff offered in evidence the following question and answer of the witness Mrs. Bogart: "Q. Is it your opinion, Mrs. Bogart, that this thing you saw on the back of his [insured's] neck was the thing that caused his death? A. I do. Yes, sir. I think so." The evidence of this witness was taken by deposition, the question being one propounded by the defendant's counsel on cross-examination, and the answer was in response to that question. The defendant objected to the introduction of this question and answer, and by permission of the court withdrew the question, and the court ruled the evidence out. The judge did not abuse his discretion in so holding, as the answer or evidence of the witness was not competent. Moreover, had this evidence been admissible, its rejection by the court would not have been reversible error, since with the testimony in, the evidence would nevertheless have demanded a verdict in favor of the defendant.

3. Where an accident policy insured against loss "from bodily injuries effected solely through external, violent and accidental means," it is incumbent upon a plaintiff in an action thereon to show that in the act which preceded the injury alleged to have caused his death something "unforeseen, unexpected, or unusual occurred."

4. While, in such case, the allegation that the insured met his death "as the result directly and independently of all other causes, of bodily injuries effected solely through external, violent and accidental means," may be sustained by proof of circumstances, as well as by direct evidence, the proved facts in this case, considered in connection with the defensive facts developed upon cross-examination, were not sufficient to make a jury question. Accordingly the court did not err in directing a verdict for the defendant.

DECIDED NOVEMBER 19, 1919.

Action on insurance policy; from Fulton superior court—Judge Pendleton.   January 23, 1919.

*Winfield Payne Jones,* for plaintiff.

*Anderson, Rountree & Crenshaw,* for defendant.

SMITH, J.   Only an elaboration of the rulings made in the 3d and 4th headnotes is deemed necessary.   In an action on an accident policy such as the one sued upon in this case there is no legal presumption that death resulted from an "accident."   On the contrary, if there is any presumption at all, it is that death resulted from natural causes.   Therefore, it will not suffice a plaintiff seeking to recover on an accident policy to rely upon a presumption that death resulted from accidental means, but the law imposes upon him the burden of proving such fact by competent evidence, either direct or circumstantial.   In other words, there can be no accident, as a matter of law, without proof of a fact or facts pointing to death through accidental means.   In the case at bar it was incumbent upon the plaintiff to show that in the act or acts which preceded the injury alleged to have caused the insured's death something "unforeseen, unexpected, or unusual happened."   Whether or not this burden was successfully carried, either by direct or circumstantial evidence, is the controlling question in the case.   The proof submitted on the trial shows that the insured was a traveling salesman, weighing approximately 200 pounds, possessed of apparent unusual physique and strength, and that he, together with his wife and two of her lady friends, were riding in an automobile when there occurred a blow-out, which he attempted to remedy by hurriedly changing tires, and in some way, not shown by the evidence, he ruptured a blood vessel and died almost immediately.   Notwithstanding all this occurred in the daytime, and in the presence of the insured's wife and her friends, there is absolutely no proof whatever that any of the usual and natural elements of an accident, such as a fall, slip, jar,

blow, or shock of any kind, were seen, heard, felt, or observed. According to the direct evidence the act of the insured in attempting to change the tire on the automobile was voluntary, foreseen, and nothing unexpected or unusual happened in the performance of this *ordinary* act. Obviously, therefore, the plaintiff did not by direct evidence carry the burden of establishing the essential fact that the insured's death resulted through "accidental means," in the sense in which these words are used in the policy. Neither were the circumstances in proof sufficient to carry this burden. In this connection counsel for the plaintiff very earnestly argues and insists that the circumstances surrounding the insured's death, when considered in the light of the proof of his *good health,* force the conclusion that it was for the jury to say whether or not death was brought about through "accidental means." This contention might be meritorious if the evidence actually proved good health; but in this particular the proof falls short. It is true that the insured's *apparent* good health was proved by his wife and two physicians, but this was insufficient, in the absence of any proof as to the true condition of his vital organs, such as the heart and arteries, and such proof was absolutely necessary in this case, inasmuch as it is alleged that the insured died from a ruptured blood vessel. Proof of a perfect exterior is wholly insufficient to supply proof of a perfect interior. For instance, one might be in apparently good health although his arteries be diseased. Whether or not the insured's arteries were normal or diseased could have been ascertained by a scientific medical investigation, but no such investigation or examination is shown by the evidence. It follows that there was no sufficient proof of good health. In other words, the testimony of the plaintiff's expert witnesses proved nothing, since their evidence is based upon the hypothesis of perfect health, which would necessarily include normal arteries, and the hypothesis has no support in the record.

Able and industrious counsel for the plaintiff, in his elaborate brief, has directed our attention to numerous cases from other jurisdictions, some of which do not altogether coincide with our ruling. This is due, no doubt, to failure to distinguish between accidental means and accidental death. Upon this matter courts have arrived at very different conclusions upon practically the same state of facts; and it is impossible to harmonize the decisions

in which the question has been considered. Be this as it may, we are bound by the rulings of our own Supreme Court on this subject. See *Cobb* v. *Preferred Mutual Accident Asso.*, 96 *Ga.* 818 (22 S. E. 976); *Continental Casualty Co.* v. *Pittman*, 145 *Ga.* 641 (89 S. E. 716). These rulings were followed by this court in the case of *Fulton* v. *Metropolitan Insurance Co.*, 19 *Ga. App.* 127 (91 S. E. 228), in which it was held that an injury cannot be regarded as resulting from accidental means where the facts show that no unforeseen, unexpected, unusual, unintentional, or involuntary muscular effort or exertion occurred in the doing of the act which preceded the injury. The decision in the *Fulton* case, being, as above suggested, based upon the rulings made in the *Cobb* and *Pittman* cases, supra, is we think ample authority for our ruling. In that case, as in this case, the insured, who was a large man, ruptured a blood vessel during a physical exertion. The insured in that case was engaged in the *extraordinary* but voluntary exertion and strain of "pushing and pulling a boat" from the "mud" into the water; while in this case the insured was engaged in the *ordinary* exertion of changing tires on an automobile,— an act performed daily by thousands of men, and in many instances even by women and children. In that case a *strain* was proved, but in this case no such fact appears from the evidence. Also, in that case there might have been an accident or "something unforeseen, unexpected, or unusual" without its being seen, heard, felt, or observed, since the insured's exertion was in the "dark," and his feet were in slippery mud; while in this case it seems there could have been no accident, or "something unforseen, unexpected or unusual," without its being seen, heard, felt, or observed, since the insured's exertion was in broad daylight, in the presence of three persons, and his feet were on a paved road. If the door to speculation, inference, and conjecture was closed in the *Fulton* case (the decision in that case being an affirmance of a nonsuit), how much more is this true in the case under consideration.

Counsel for the plaintiff undertakes to distinguish this case from the *Fulton* case on the ground that in one the trial court directed a verdict and in the other the court sustained a motion to nonsuit. This is a distinction without a difference, for in both cases the real test was whether or not the evidence was sufficient "to show that in the act which preceded the injury alleged to

have caused his death, something unforeseen, unexpected, or unusual occurred."

There being no direct or circumstantial proof of death through "accidental means," in the sense in which these words are used in the policy, the trial judge did not err in directing a verdict for the defendant.

    *Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*