33129. GULF LIFE INSURANCE CO. *v.* MOORE.

DECIDED JUNE 28, 1950.   REHEARING DENIED JULY 18, 1950.

*Finley & Henson, Tindall & Tindall, J. F. Kemp,* for plaintiff in error.

*C. C. Pittman,* contra.

TOWNSEND, J. (After stating the foregoing facts.) 1. Special ground 2 of the amended motion for a new trial assigns error on the charge of the court that if the jury found certain facts the plaintiff would not be entitled to recover "if you also further find that at the time Jim Baynes was sane." It is contended that the last quoted phrase is inapplicable in that it had the effect of causing the jury to believe that there was any issue as to the sanity or insanity of Baynes, to believe that the defendant would be liable if Baynes was insane, and that it nullified the effect of that part of the charge, which was otherwise correct. This and the general grounds are considered together (special ground 1 being but an amplification of the latter) because the point is made in the briefs of counsel that this accidental death policy differs from most of those recently construed by this court in that it does not exclude bodily injury intentionally inflicted by another person, *whether sane or insane.* See *Gaynor* v. *Travelers Ins. Co.,* 12 *Ga. App.* 603 (77 S. E. 1072). So far as the exception to the charge is concerned, it was not error for the reason that there was some evidence relative to the insanity of the assailant, and it is not error for the court to charge in reference to an issue regarding which there is some evidence even though the great preponderance of evidence tends to show that the state of facts is actually otherwise than as contended. *Lyles* v. *State,* 130 *Ga.* 294 (60 S. E. 578); *Bullard* v. *Metropolitan Life Ins. Co.,* 31 *Ga. App.* 641 (3) (122 S. E. 75). To determine whether or not the verdict was authorized by the evidence, however, it is necessary to go farther than this and to determine whether the death was in fact accidental so as to bring it within the terms of the policy, which contained a further exclusionary clause to the effect that the policy shall become null and void if the insured's death results from the intentional act or acts of any person or persons.

To make out a prima facie case, the plaintiff must show proof of the policy, proof of death, and further proof that the death occurred from accident or accidental means as defined in the policy. See *Riggins* v. *Equitable Life Assurance Soc.,* 64 *Ga.*

*App.* 834, 835 (14 S. E. 2d, 182), and cases there cited. The burden of proof that the death came about as a result of violent, external and accidental means is on the plaintiff, and remains with her throughout the trial. *Schneider* v. *Metropolitan Life Ins. Co.,* 62 *Ga. App.* 148 (7 S. E. 2d, 772); *New York Life Insurance Co.* v. *Ittner,* 59 *Ga. App.* 89 (200 S. E. 522). But this rule is also subject to the provision that where a case has been made out under the terms. of the policy, and such policy contains an excepting clause, where the insurance company relies upon the excepting clause in order to establish its non-liability it must prove this contention by a preponderance of the evidence, and, where the evidence is circumstantial, it must be such as to "preponderate to that theory, rather than to any other reasonable hypothesis." *Matthews* v. *Gulf Life Ins. Co.,* 64 *Ga. App.* 112 (2) (12 S. E. 2d, 202).

The plaintiff here made out a prima facie case by facts which authorized the jury to conclude that the deceased and his assailant were unknown to one another; that while the deceased was standing quietly beside his brother the assailant suddenly drew out a gun and shot him; that there was in the same room another person with whom he had quarreled earlier that evening and toward whom he had acted in an irrational manner, and that the assailant then went out into the night and continued to fire the gun. This testimony together with the testimony of Baynes' wife that her husband, two months previously, had asked her to have him locked up because he was going to kill her, his apparent attempt to do so at that time, and his general course of conduct, was sufficient to warrant a conclusion that Baynes was irrational and not responsible for his actions. It was sufficient to indicate, prima facie, that there could have been no reasonable explanation for a desire on his part to injure the deceased. It was sufficient to show violent and external injury from which death resulted.

The burden of proving that the shooting was intentional then shifted to the defendant. It attempted to carry this burden by means of the testimony of the killer himself, but Baynes testified that he shot in self-defense after having been badly beaten and injured by the deceased, which testimony was refuted by two eyewitnesses. Baynes never admitted that he intended to kill

Moore. Even had he done so, the jury, under the circumstances, might have discarded his entire testimony as having been discredited. The defendant then introduced two witnesses to prove that two hours after the shooting the assailant did appear in a beaten and bloody condition. The jury might have taken this as corroborative testimony of a fight prior to the shooting, in which case the plaintiff's witnesses would have been impeached, but it is apparent that they reconciled the testimony instead by determining that Baynes in some manner or other sustained the injuries (self-inflicted or otherwise) after he shot the insured and ran away from the dance hall. Thus, the defendant failed to establish its contentions to the satisfaction of the jury by a preponderance of the evidence.

This case closely resembles on its facts the case of *Pan-American Life Ins. Co.* v. *Bagley*, 55 *Ga. App.* 610 (191 S. E. 144), both as to the fact that the accidental death and exclusionary clauses are identical (both omitting the words "sane or insane") and the fact that there also the assailant entered a lunchroom adjacent to a dance hall in which were located a number of persons, and shot and killed one of the men standing by the counter. In passing upon this case the court stated: "To make the defense good [that the injury was intentionally inflicted] it was necessary that the evidence show that the shooting of Bagley was intentional. Whether the jury concluded that the assassin's conduct indicated that he was incapable of forming an intent, or whether they thought that Bagley was attempting to take the gun away from the assassin and was accidentally and unintentionally shot in the scuffle, we can not say. However, we do think that the jury was warranted in concluding from the evidence that the insured's death resulted from 'bodily injuries effected solely through external, violent and accidental means' and not from 'bodily injury inflicted by the insured himself or intentionally by another person.'" Evidence that the assassin may have been "incapable of forming an intent" in the case of *Pan-American Life Ins. Co.* v. *Bagley*, supra, rested entirely upon the circumstances of the shooting. The circumstances in the instant case as to the killing are equally bewildering so far as a rational explanation of the conduct of the assailant is concerned. There is additional evidence of insanity from the testi-

mony of Baynes' wife. Evidence of a state of mind over a reasonable period both before and after the transaction in question is admissible as bearing upon the issue of mental competency. *Pantone* v. *Pantone,* 206 *Ga.* 305, 311 (57 S. E. 2d, 77). Although such testimony would not itself be sufficient to authorize a finding that Baynes was insane, since an unsuccessful attempt to have a person adjudicated insane raises a presumption that such person is not non compos mentis (see *Morse* v. *Caldwell,* 55 *Ga. App.* 804 (1-b) (191 S. E. 479), it was nevertheless a circumstance which the jury was authorized to consider in determining whether the defendant had by a preponderance of the evidence established its defense that the death was the intentional act of another person. It was their conclusion that this burden had not been carried.

The trial court did not err in overruling the motion for a new trial as amended.

*Judgment affirmed. MacIntyre, P.J., and Gardner, J., concur.*