34605. WILEY v. FAMILY FUND LIFE INSURANCE CO.

DECIDED MAY 27, 1953—REHEARING DENIED JUNE 12, 1953.

P. Z. Geer, Jr., Phillip Sheffield, for plaintiff in error.
Wm. F. Buchanan, Stone & Stone, contra.

SUTTON, C. J. "In order for a plaintiff to recover under a double-indemnity provision of an insurance policy for death resulting, independently of all other causes, from bodily injuries caused solely by external, violent, and accidental means, it is incumbent upon him to show that in the act which preceded the injury alleged to have caused the death of the insured something 'unforeseen, unexpected, or unusual occurred.' *Fulton* v. *Metropolitan Insurance Co.*, 19 *Ga. App.* 127 (2) (91 S. E. 228); *Johnson* v. *Aetna Life Insurance Co.*, 24 *Ga. App.* 431 (101 S. E. 134); *Continental Casualty Co.* v. *Rucker*, 50 *Ga. App.* 694, 695 (179 S. E. 269); *American National Insurance Co.* v. *Chappelear*, 51 *Ga. App.* 826, 829 (181 S. E. 808); *Commercial Casualty Insur-*

*ance Co.* v. *Mathews,* 57 *Ga. App.* 446, 452 (195 S. E. 887); *Atlanta Accident Asso.* v. *Alexander,* 104 *Ga.* 709 (30 S. E. 939); United States Mutual Accident Asso. *v.* Barry, 131 U. S. 100 (9 Sup. Ct. 755, 33 L. ed. 60)." *Green* v. *Metropolitan Life Ins. Co.,* 67 *Ga. App.* 520, 525 (21 S. E. 2d 465). This principle of law is well settled, and a proper determination of the question here presented depends upon the application of this law to the facts as alleged in the petition.

It is alleged here that the insured, while asleep in a pickup truck, pressed his mouth and nostrils so tightly into the crevice between the seat and back cushions of the truck that he was unable to breathe, his supply of oxygen was cut off, and he died of suffocation. This was an involuntary act on the part of the insured, and it was unforeseen, unexpected, and unusual. Counsel for the defendant contends in his brief, not that the occurrence preceding the death was unusual, unforeseen, and not to be expected, but that this court should judicially notice that, with the line of one's mouth at right-angles to the crevice between the cushions, "suffocation is *absolutely impossible,* unless the human head be constructed like the head of an ant-eater." But a demurrer admits the truth of all properly pleaded allegations in the petition (Code § 81-304); and whether or not it was physically impossible for the insured to die in the manner alleged would be a question for a jury's determination, under the pleadings and evidence. The allegations are sufficient to raise a jury question as to whether the means by which the insured met his death were unusual, unforeseen, and unexpected, and hence accidental. The insured's involuntarily pressing his mouth and nose into the crevice between the seat and back cushions brought about the application of external force sufficient to close his mouth and nostrils, thereby suffocating him, according to the allegations of the petition. The petition does not show that the insured was guilty of any conduct that would take the incident out of the category of death by accidental means.

The petition showed that the death of the insured came within the double-indemnity provisions of the policy, and the court erred in sustaining the demurrers to the allegations seeking a recovery thereunder.

*Judgment reversed. Felton and Worrill, JJ., concur.*