540

## 35496. HAYES v. NATIONAL LIFE & ACCIDENT INSURANCE COMPANY.

CARLISLE, J. 1. Where, upon the trial of a case, brought in two counts on two policies of insurance by the widow-beneficiary of the insured in the policies to recover certain death benefits for which provision is made in the policies, it appears that in one policy it is provided: "Upon receipt of due proof that during the continuance of this policy in force, the insured has sustained bodily injuries effected solely through violent, external, and accidental means, and that such bodily injuries have directly and independently of all other causes, caused the death of the insured within ninety days from the time such injuries were so sustained, the company will pay to the beneficiary named in the schedule the principal sum less any amount paid or payable on account of the same injuries under the provision for indemnity for specific losses; provided, however, that no indemnity shall be payable if death results (i) from self-destruction, while sane or insane . . . (iii) from injuries intentionally inflicted upon the insured by himself, or by any other person other than burglars or robbers, (iv) from participation in an assault or felony . . ."; and, it appears that in the other policy it is provided: "Upon receipt of due proof that the death of the insured resulted directly, and independently of all other causes, from bodily injuries effected solely through external, violent and accidental means, the company will pay an additional benefit equal to the amount of insurance, provided (A) that such death occurs (i) prior to the insured's seventieth birthday, (ii) during the continuance of this policy in force otherwise than as extended insurance or the reduced paid-up life insurance hereinafter provided, and (iii) within ninety days from the date on which the injuries were sustained; and (B) that no such benefit shall be payable if death results (i) from self-destruction, while sane or insane. . . (iv) from participation in an assault or felony. . ."; and it appears that the jury would be authorized to find that the insured sustained injuries in a shooting affray on November 10, 1952, from which he died on that day, while the two policies were in full force and effect, and that the insured's death, of which the insurance company had due proof within the meaning of the policies, was effected "independently of all other causes, solely through violent, external, and accidental means," it is error requiring the grant of a new trial for the trial court to direct a verdict for the defendant insurance company under such a state of the evidence. There were questions of fact which should have been left for the determination of the jury. Taylor v. Chattooga County, 180 Ga. 90 (178 S. E. 298); McNabb v. Hardeman, 77 Ga. App. 451 (49 S. E. 2d 194); Newsome v. Travelers Ins. Co., 143 Ga. 785 (85 S. E. 1035); Pan-American Life Ins. Co. v. Bagley, 55 Ga. App. 610 (191 S. E. 144); Riggins v. Equitable Life Assurance Soc., 64 Ga. App. 834 (14 S. E. 2d 182); Gresham v. Equitable Life & Accident Ins. Co., 87 Ga. 497 (13 S. E. 752, 13 L. R. A. 838, 27 Am. St. R. 263). It appears that the shooting affray began in a restaurant operated by the insured and his partner, when the partner evicted a would-be customer from the restaurant for drunkenness. The drunken customer immediately began firing into the restaurant and one of the

bullets creased the chest or upper abdomen of the insured's partner, who then fled into one of the restaurant's restrooms. An employee, who had assisted the partner in evicting the customer, fled out the rear of the restaurant and informed the insured that there was a drunken person shooting up the restaurant. The customer, following his first volley of shots into the restaurant, ran to the side of the restaurant and out of sight from the front of the restaurant. The insured dashed into the restaurant and out the front door to his automobile to secure his pistol which he kept under the driver's seat of his automobile, and either while he was getting his pistol, or during an ensuing volley which was exchanged between the insured and the customer, the insured was struck by a bullet which caused his death almost immediately after the firing ceased. In shooting at the customer, the insured endeavored to use his automobile as a shield and during a part of the shooting the insured's partner had run to him and told him to get down behind the car. We think the jury was authorized to infer that the insured was not participating in an "assault or felony" within the meaning of the exclusion clauses of the policies and also to infer that the customer, who was firing while in a highly drunken condition, did not "intentionally" shoot the insured, within the meaning of "intentionally inflicted injuries" of the exclusion clause, notwithstanding the fact that there is no evidence that the customer was either a burglar or robber, as there is evidence from which the jury might infer that the customer's drunken condition rendered him incapable of "intentionally" shooting anyone, and evidence from which the jury might infer that if capable of forming an intention to shoot, the customer thought he was shooting at the insured's partner and not the insured, and consequently that the defendant insurance company, upon whom the burden rested to establish that the shooting was "intentional" within the meaning of the exclusion clause had not carried such burden. See particularly in this connection, *Gulf Life Insurance Co. v. Moore,* 82 *Ga. App.* 136 (60 S. E. 2d 547). The trial court, consequently, erred in overruling the plaintiff-beneficiary's motion for a new trial based on the ground that there were questions of fact for the determination of the jury and a verdict should not, therefore, have been directed. The other special ground of the motion, concerned with the exclusion of certain evidence, was not insisted upon in this court.

There having originally been a dissent in this case by one of the judges of the second division to which the case was assigned, the case was considered and determined by the court as a whole under the provisions of the act of 1945 (Ga. L. 1945, p. 232; Code, Ann. Supp., § 24-3501).

*Judgment reversed. Felton, C. J., Gardner, P. J., Townsend, Quillian, and Nichols, JJ., concur.*

DECIDED JUNE 2, 1955—REHEARING DENIED JULY 19, 1955.

*Paul Webb, Jr., Bertram S. Boley,* for plaintiff in error.
*Newell Edenfield, A. Ed Lane, Wm. F. Buchanan,* contra.