47573. INTERSTATE LIFE & ACCIDENT INSURANCE COMPANY v. UPSHAW.

PANNELL, Judge. Judgment was for appellant in an action against appellant insurer by appellee beneficiary on an

accidental death policy containing the following insuring and exclusion provisions: Upon receipt of due proof that during the continuance of this policy in force, the insured has sustained bodily injuries effected solely through violent, external, and accidental means; and that such bodily injuries have directly and independently of all other causes, caused the death of the insured within ninety days from the time such injuries were so sustained, the company will pay to the beneficiary named in the schedule the principal sum less any amount paid or payable on account of the same injuries under the provision for indemnity for specific losses, but subject to the exceptions below." "Exceptions: No indemnity for hospitalization or death by accidental means shall be payable if hospitalization or death results . . . (f) directly or indirectly from bodily or mental infirmity or disease in any form, or medical or surgical treatment therefor." The trial judge granted a new trial on the general grounds and the appellant insurer appealed contending such action, although the first grant of a new trial, was error as the verdict found was demanded by the evidence. See in this connection: *Southern R. Co. v. Winn,* 25 Ga. App. 438 (103 SE 733); *Fenner & Beane v. Calhoun,* 56 Ga. App. 823 (194 SE 51); *Turner v. Pearson,* 93 Ga. 515 (2) (21 SE 104); *Cheatham v. Lightfoot,* 144 Ga. 758 (87 SE 1036).

1. Where, as in the present case, after the filing of a notice of appeal, one of a number of orders extending the time for filing the transcript is signed within the time required, but appellant delays for ten days after the time a previous order expired before filing the order in the office of the clerk of the lower court, and such delay in filing causes no delay in the transmission of the appeal to this court, the appeal will not be dismissed on the ground that the appeal is a stale one because of the late filing of such order. The motion to dismiss the appeal is denied.

2. The order granting the motion for new trial was dated September 7, 1971, and entered September 10, 1971. The

enumeration of error was to "the order . . . dated December 7, 1971, and filed September 10, 1971, ordering, adjudging and decreeing of a new trial be . . . granted to the appellee . . . [R. 37-38]." An examination of the record referred to reveals the correct month was September. The enumeration of error was not too vague and indefinite to be the subject of review by this court.

3. Eyewitnesses saw the deceased fall from a log truck to the ground, a distance of about eight feet. He died a very short time thereafter of a coronary embolism. The only evidence of injuries was a scratch or slight bruise on the forehead, and the coronary embolism. The evidence was in dispute as to whether the fall was accidental, or was caused by the coronary embolism. The evidence was also in dispute as to whether the fall, if accidental, could have dislodged a blood clot or thrombus and caused the embolism. Under these circumstances the verdict for the appellant insurer was not demanded. See in this connection: *Davison v. National Life &c. Ins. Co.*, 106 Ga. App. 187 (126 SE2d 811); *Life & Casualty Ins. Co. v. Brown*, 213 Ga. 390 (2) (99 SE2d 98); *Johnson v. Aetna Life Ins. Co.*, 24 Ga. App. 431, 432 (101 SE 134); *Templeton v. Kennesaw Life &c. Ins. Co.*, 216 Ga. 770, 771 (119 SE2d 549); *Continental Cas. Co. v. Pittman*, 145 Ga. 641 (89 SE 716); *New York Life Ins. Co. v. Jennings*, 61 Ga. App. 557 (6 SE2d 431); *Liberty Nat. Life Ins. Co. v. Liner*, 113 Ga. App. 710 (149 SE2d 523); *Overstreet v. Metropolitan Life Ins. Co.*, 69 Ga. App. 459 (26 SE2d 115); *Gulf Life Ins. Co. v. Moore*, 82 Ga. App. 136 (60 SE2d 547); *Riggins v. Equitable Life Assurance Soc.*, 64 Ga. App. 834, 835 (14 SE2d 182); *Schneider v. Metropolitan Life Ins. Co.*, 62 Ga. App. 148 (7 SE2d 772); *Continental Assurance Co. v. Rothell*, 121 Ga. App. 868, 880 (176 SE2d 259); *Kennesaw Life &c. Ins. Co. v. Templeton*, 102 Ga. App. 867 (118 SE2d 247); *Bankers Health &c. Ins. Co. v. Smith*, 54 Ga. App. 525, 526 (188 SE 463); *Pippin v. Mutual Life Ins. Co. of N.Y.*, 108 Ga. App. 741 (134 SE2d 446) and cits.; *Life & Casualty Ins. Co. v. Brown*,

95 Ga. App. 354 (98 SE2d 68); *Hall v. General Accident Assurance Corp.,* 16 Ga. App. 66 (85 SE 600); *Pilgrim Health &c. Ins. Co. v. Gomley,* 50 Ga. App. 30 (148 SE 666); *Darby v. Interstate Life &c. Ins. Co.,* 107 Ga. App. 409 (130 SE2d 360); *State Farm Mut. Auto. Ins. Co. v. Dilbeck,* 120 Ga. App. 740 (172 SE2d 139); *Livaditis v. American Cas. Co.,* 117 Ga. App. 297 (160 SE2d 449).

We accordingly hold there was no error in the first grant of a new trial on the general grounds. *Kendrick v. Kendrick,* 218 Ga. 460 (128 SE2d 496); *Dunn v. Gilbert,* 217 Ga. 358, 359 (122 SE2d 93); *Kroger Co. v. Perpall,* 105 Ga. App. 682 (125 SE2d 511).

4. That the motion for new trial stated an erroneous date for the verdict rendered, in the absence of any objection in the court below on the hearing of the motion, presents no question for review to this court.

5. In the absence of enumeration of error thereon, rulings during the trial relating to bad faith and attorney's fees will not be reviewed.

*Judgment affirmed. Quillian, J., concurs. Hall, P. J., concurs in the judgment.*

SUBMITTED OCTOBER 4, 1972—DECIDED JANUARY 23, 1973.

*Shaw & Shaw, George P. Shaw,* for appellant.

*Gleason, Hatcher & Daniel, Frank M. Gleason, Ross L. Hatcher, III,* for appellee.