NEWSOME *v.* TRAVELERS INSURANCE COMPANY OF HARTFORD.

ATKINSON, J.. 1. Where one person injures another, and the injury is not the result of misconduct or provocation by the injured person, but is unforeseen by him, it is as to him an accident within the meaning of an accident policy insuring him against bodily injuries effected through external, violent, and accidental means. *Travelers Insurance Co.* v. *Wyness,* 107 *Ga.* 584 (3), 589 (34 S. E. 113); American Accident Co. v. Carson, 99 Ky. 441 (36 S. W. 169, 34 L. R. A. 301, 59 Am. St. R. 473).

2. A provision contained in an accident-insurance policy of the character

50

just described, which excepts from operation of the policy injuries "intentionally inflicted upon the insured by any other person, sane or insane," contemplates injuries intended against the insured, and not injuries intended against another.   Accordingly, such exception will not relieve the insurer from liability for an injury to the insured inflicted by another person, where the other person, intending to injure some one other than the insured, mistook the insured for the person intended to be injured and intentionally inflicted upon him a bodily injury, while he was unaware of the intent to injure him, and had done nothing to bring about the injury.   Utter v. Travelers' Insurance Co., 65 Mich. 545 (32 N. W. 812, 8 Am. St. R. 913) ; Hutchcraft v. Travelers' Insurance Co., 87 Ky. 300 (8 S. W. 570, 12 Am. St. R. 484) ; Fuller on Accident Insurance, 277; 1 Am. & Eng. Enc. Law (2d ed.), 322; 1 C. J. 442, § 102; Travelers' Pro. Asso. v. Fawcett (Ind. App.), 104 N. E. 991, and cases cited.                                                    .            ·

(a) In the case of Utter v. Travelers' Insurance Company, supra, the policy sued on contained the following exception: "This insurance shall not be held to extend to disappearances, nor to any case of death or personal injury, unless the claimant under this policy shall establish, by direct or positive proof, that the said death or personal injury was caused by external violence and accidental means, and was not the result of design, either on the part of the insured or of any other person." The use of the word "design," as thus employed, does not render the exception contained in that policy substantially different from that involved in the present case.

3. Applying the law as indicated in the preceding notes, it was error to dismiss the petition on general demurrer.

*Judgment reversed.   All the Justices concur.*
August 10, 1915.

Action upon insurance policy.   Before Judge Bell.   Fulton superior court.   April 20, 1914.

*J. F. Golightly* and *Gus Russell,* for plaintiff.
*Smith, Hammond & Smith,* for defendant.