## 8244. NEWSOME *v.* TRAVELERS INSURANCE COMPANY.

1. In an action upon an accident-insurance policy, where it is apparent from the evidence introduced that the death of the insured was the result of external and violent means, and the issue is as to whether it was due to an accident, within the meaning of the policy, or to some cause excepted by the policy, the presumption is in favor of accident, and against the facts bringing the case within any of the exceptions of the policy, such as insanity of the insured, intentional injury inflicted by a third person, lack of due care and diligence, self-inflicted injuries, and suicide. 1 Corpus Juris, 495, § 278; Travelers Insurance Co. *v.* McConkey, 127 U. S. 661 (8 S. Ct. 1360, 32 L. ed. 308); Butero *v.* Travelers Insurance Co., 96 Wis. 536 (71 N. W. 811, 65 Am. St. R. 61); *Travelers Insurance Co.* v. *Wyness,* 107 *Ga.* 584, 589, 590 (34 S. E. 113); *Newsome* v. *Travelers Insurance Co.,* 143 *Ga.* 785 (85 S. E. 1035); Allen *v.* Travelers Protective Asso., 163 Iowa, 217 (143 N. W. 574, 48 L. R. A. (N. S.) 600).

2. The evidence introduced by the plaintiff, showing that the death of the insured was caused by external and violent means, raised the presumption that the death was also accidental, and, together with the admissions in the answer, was sufficient to carry the case to the jury; and the court erred in awarding a nonsuit.

3. The court did not err in excluding evidence, as complained of in the bill of exceptions.

DECIDED FEBRUARY 1, 1917. REHEARING DENIED FEBRUARY 16, 1917.

Action on insurance policy; from Fulton superior court—Judge Pendleton. October 8, 1915.

*J. F. Golightly, Gus Russell, J. C. Newsome,* for plaintiff.
*Smith, Hammond & Smith,* for defendant.

BROYLES, P. J. The plaintiff's evidence showed that the death of the insured was caused by a visible and external wound in his chest, which had been inflicted by some sharp instrument. No other fact or circumstance as to how the wound was caused was shown, except the statement (contained in a letter written by the plaintiff and addressed to the defendant, notifying it of the death of the insured) that the insured "died . . from being stabbed by a negro on the streets." This statement by the plaintiff must be taken as being prima facie true, as against her interests. *Fair* v. *Metropolitan Life Insurance Co.*, 5 *Ga. App.* 708 (63 S. E. 812); Hill v. Ætna Life Insurance Co., 150 N. C. 1 (63 S. E. 124). It is clear that, in the absence of the statement just quoted, the plaintiff's proof, together with the presumption of accident arising therefrom, and the admissions in the defendant's answer as to the proof of death, etc., was sufficient to carry the case to the jury, nothing having been shown except that the death of the insured was caused by violent and external means. The case then narrows to this question: Did the additional proof, that the death of the insured resulted from his "being stabbed by a negro on the streets," overcome and destroy the presumption of law that the wound causing his death was accidentally, and not intentionally, inflicted? A little reflection will, in our opinion, show that the question must be answered in the negative. It is entirely possible that the negro stabbed the insured without intending to do so. He may have been standing or walking upon the street, with an open knife in his hand, and have accidentally fallen, or been shoved, aganist the insured, or he may have stabbed the insured, without any provocation on the part of the latter, mistaking him for some one else. In either of such events the stabbing would have been an accident within the meaning of the provisions of the insurance policy. *Newsome* v. *Travelers Insurance Co.*, supra; *Travelers Insurance Co.* v. *Wyness*, supra; *Gaynor* v. *Travelers Ins. Co.*, 12 *Ga. App.* 601 (4) (77 S. E. 1072).

The fact that the petition contained averments that a negro stabbed the insured, mistaking him for another person, and intending to injure that person and not the insured, and that the insured had done nothing to provoke the negro's act, did not obligate the plaintiff to sustain these averments by proof, as they were

not necessary to set out a cause of action. It is true that the Supreme Court, when this case was before it (143 *Ga.* 785), on exceptions to the judgment sustaining a general demurrer to the petition, ruled that the petition (which contained such averments) was not subject to general demurrer, but it did not hold that the petition, without these allegations, would have been so subject. In such a case a cause of action is set out when the plaintiff shows that the death of the insured was caused by external and violent means; such proof, together with the presumption of accident arising therefrom, and the further presumption that the accident occurred in the manner stated in the declaration, is sufficient to carry the case to the jury, and it is not necessary to prove the facts and circumstances surrounding the injury or death of the insured, even though such facts and circumstances are set forth in the petition. The burden is then upon the defendant to show that the injury was intentionally inflicted. 1 Corpus Juris, 489, 490, 491, 493, 495, 497, 498. See also the other authorities previously cited. In other words, the legal presumption of accident that arose when the plaintiff showed that the death of the insured was caused by external and violent means was not neutralized or overcome by proof of the mere additional fact that death resulted from his being stabbed by a negro on the streets, as no legal presumption then arose that the stabbing was intentional.

In our judgment the court erred in awarding a nonsuit.

*Judgment reversed. Jenkins and Bloodworth, JJ., concur.*

### ON MOTION FOR REHEARING.

BROYLES, P. J. No principle of law is better known than that the plaintiff must recover, if at all, upon the case as made by his pleadings. And ordinarily, to recover, he must prove all the material allegations made in his petition; and though he may have gone into unnecessary details in stating his case, he must nevertheless, as a general rule, prove the details set out in the petition. These last rules, however, do not apply to that class of cases where a presumption of law arises in favor of the plaintiff on proof of certain facts. In such cases, when these facts are proved, the plaintiff need not prove the other material allegations in his petition, for the facts already shown by him have raised a presumption of law in his favor against the defendant, and this presumption, to-

gether with the facts proved, make out a prima facie case for the plaintiff, and the burden is then shifted to the defendant to rebut this presumption and to disprove the case. In this class of cases the presumption raised by law is intended to assist the plaintiff in making out his case, by presumptively supplying evidence which otherwise it would be incumbent upon him to adduce. For instance, in a suit for personal injuries against a railway company, when the plaintiff shows that the injuries sued for were caused by the running of one of the defendant's cars, the law immediately raises a presumption that the defendant was negligent, and further that it was negligent as charged in the plaintiff's petition; and this is true even where it is alleged, in different counts, that the railroad was negligent in several different ways; the presumption then being that the defendant was negligent in some one of the ways alleged in the petition. Likewise, in a suit upon an accident-insurance policy, like the case at bar, although the plaintiff can not recover unless it is shown that the death of the insured was due to "external, violent, and accidental means," yet when the plaintiff proves that the death was caused by external and violent means, the law instantly raises the presumption that it was also accidental, and further, that the accident occurred in the manner set forth in the plaintiff's petition; and thus the plaintiff in this case is relieved by the law itself from the burden of proving her allegation that the death of the insured was "accidental," and that the accident occurred in the particular manner set out in her declaration. When she proved that the death of the insured was caused by a visible and external wound, this proof, together with the presumptions arising therefrom, was sufficient to carry the case to the jury; and the court erred in awarding a nonsuit.                                             *Motion denied.*