TRAVELERS INSURANCE COMPANY OF HARTFORD *v.* NEWSOME.

HILL, J. The beneficiary in a policy of insurance brought suit against the insurer for damages on account of the death of the insured. By its terms the policy covered "bodily injuries effected through external, violent, and accidental means," but provided that it should not cover injuries "intentionally inflicted upon the insured by any other person." It was averred that the deceased was accidentally killed by being stabbed by an unknown negro, who did not know the deceased and was unknown to him; that there had been no difficulty between the deceased and the negro and no provocation had been given by the deceased; that the negro did not intend to kill any one, but did intend to wound another person, and, mistaking the deceased for such other person, ran upon and stabbed him while he was walking the streets; and that the assault on the deceased was a pure accident. The answer admitted payment of premiums on the policy, and that the plaintiff had given written notice of the death of the insured. Upon the trial the plaintiff introduced proof showing that the death of the insured resulted from an external and violent wound in the chest, which some of the witnesses described as being a "stab wound;" also a letter written by her to the insurer in which she notified it that the insured died "from being stabbed by a negro on the streets." No evidence was offered relating to the circumstances under which the wound was inflicted. At the conclusion of the evidence, upon motion of the defendant, the court granted a nonsuit; and the plaintiff carried the case by writ of error to the Court of Appeals, which reversed the judgment of the lower court. Thereupon the defendant in error (plaintiff in certiorari) applied for and obtained a writ of certiorari from this court to the Court of Appeals, to review its judgment of reversal. *Held,* that in a suit on an insurance policy of the character heretofore indicated, where the plaintiff avers the killing of the insured by another person, setting forth facts which, if proved, would establish an accidental killing within the meaning of the policy, no *presumption* of the truth of such averments arises; but in order to make a prima facie case warranting a recovery there must be proof that the injury causing death was unforeseen by

the insured, and not a result of any misconduct or provocation on his part. See *Newsome* v. *Travelers Insurance Co.*, 143 *Ga.* 785 (85 S. E. 1035).

*Judgment reversed, and the cause remanded to the Court of Appeals for further proceedings not inconsistent with this decision. All the Justices concur.*

No. 213. February 12, 1918. Rehearing denied February 25, 1918.
Certiorari to Court of Appeals (19 *Ga. App.* 264, 91 S. E. 441).
*Smith, Hammond & Smith,* for plaintiff in error.
*J. F. Golightly, Gus Russell,* and *J. C. Newsome,* contra.