8244.   NEWSOME *v.* TRAVELERS INSURANCE COMPANY.

Where an insurance policy covers "bodily injuries effected through external, violent, and accidental means," but stipulates that it does not cover injuries "intentionally inflicted upon the insured by any other person," and where the petition in a suit on the policy alleges that the insured was killed by another person, but states facts in connection therewith which show an accidental death within the meaning of the policy, and where upon the trial (the defendant in its answer having admitted the payment of the premiums due upon the policy, and that the plaintiff had given the required notice of the death of the insured) the plaintiff proves that the death of the insured resulted from an external and violent wound, but further proves merely that the wound was inflicted by a third person, no presumption arises that the wounding occurred under the circumstances stated in the petition; and in order to make a prima facie case warranting a recovery, the proof must show that it did so occur.

DECIDED MARCH 13, 1918.

Action upon accident-insurance policy; from Fulton superior court—Judge Pendleton.   October 8, 1915.

*J. F. Golightly, Gus Russell, J. C. Newsome,* for plaintiff.
*Smith, Hammond & Smith,* for defendant.

BROYLES, P. J.   This was a suit upon a policy of insurance which covered "bodily injuries effected through external, violent, and accidental means," but stipulated that it did not cover injuries "intentionally inflicted upon the insured by any other person." The petition alleged: that the insured was accidentally killed by being stabbed by an unknown negro, who did not know the insured and was unknown to him; that there had been no difficulty between the insured and the negro, and no provocation had been given by the insured; that the negro did not intend to kill any one, but did intend to wound another person, and, mistaking the insured for such other person, ran upon and stabbed him while he was walking the streets; and that the assault upon the insured was a pure accident. The Supreme Court held that this petition set forth a cause of action, and reversed the judgment of the trial court which dismissed it on general demurrer. *Newsome v. Travelers Insurance Co.,* 143 *Ga.* 785 (85 S. E. 1035). Subsequently, upon the trial of the case (the defendant in its answer having admitted payment of the premiums on the policy, and that the plaintiff had given the required notice of the death of the insured), the plaintiff, who was the beneficiary in the policy sued upon, introduced proof showing that the death of the insured resulted from

an external and violent wound in the chest, which some of the witnesses described as being a "stab wound." The plaintiff introduced also a letter written by her to the insurer, in which she notified it that the insured died "from being stabbed by a negro on the streets." No evidence relating to the circumstances under which the wound was inflicted was offered. Upon the conclusion of the plaintiff's evidence, the court, upon motion of the defendant, granted a nonsuit; and this court reversed that judgment and held, in substance, that under the facts of the case, the plaintiff having proved that the death of the insured was caused by external and violent means, there was a presumption of law that it was also accidental, and a further presumption that the accident occurred under the particular circumstances set forth in the plaintiff's petition, and therefore that it was not necessary to prove that it did so occur. (For the reasoning upon which this ruling was based see the opinion in 19 *Ga. App.* 264, 91 S. E. 441.) Thereupon the defendant in error applied to the Supreme Court for and obtained a writ of certiorari to review the judgment of this court. On February 12, 1918, the Supreme Court handed down its decision, reversing the judgment of this court and remanding the case to this court for further proceedings not inconsistent with the decision of that court. See 147 *Ga.* 608 (95 S. E. 4).

In accordance with that decision it is now held by this court that, under the facts of the case, there was no presumption that the fatal wounding of the insured occurred under the circumstances as set forth in the petition, and, the plaintiff having failed to prove those averments of her petition, a recovery was not warranted, and the court did not err in awarding a nonsuit. The contrary ruling in this case in 19 *Ga. App.*, supra, is necessarily overruled; and as the former judgment of reversal by this court was based solely upon the alleged error of the trial court in awarding a nonsuit (the other assignments of error being passed upon and adjudged to be without merit), that judgment is withdrawn and vacated, and the judgment of the lower court is

*Affirmed. Bloodworth and Harwell, JJ., concur.*