31354. UNION NEWS COMPANY v. OLDHAM.

Decided September 5, 1946.

210

*T. Elton Drake,* for plaintiff in error.

*Matthews, Long & Moore,* contra.

FELTON, J. The only question for determination urged by counsel for the defendant is whether there is sufficient evidence to warrant the finding of the hearing director that Oldham's death arose out of and in the course of his employment. The last person to see Oldham prior to his death was the passenger

LeClair. LeClair had come to the rear vestibule of the fifth car from the engine in order to obtain a Coca-Cola. One of the duties incident to Oldham's employment was the selling of soft drinks to the passengers on the train. LeClair found Oldham asleep in the vestibule of the fifth car, awoke him, and asked that he get him a Coca-Cola. Oldham arose and walked toward the front vestibule of the sixth car where the soft drinks were stored. LeClair turned and gazed through the left door of the vestibule as he waited for Oldham to return with his Coca-Cola. Oldham did not return, and after waiting some two minutes LeClair went in search of him, and not finding him in the vestibule of the sixth car and observing that the right-hand door of the vestibule was open, Le-Clair ran into the compartment of the sixth car and stopped the train by pulling the emergency cord. Upon investigation Oldham was found dead beside the track. There being no evidence of how Oldham met his death, suicide is precluded by the legal presumption that he met his death accidentally (*Standard Accident Ins. Co.* v. *Kiker,* 45 *Ga. App.* 706, 165 S. E. 850, and cases cited; *Mutual Life Ins. Co.* v. *Burson,* 50 *Ga. App.* 859, 179 S. E. 390; *Jefferson Standard Life Ins. Co.* v. *Bentley,* 55 *Ga. App.* 272, 190 S. E. 50; *Christensen* v. *New England Mut. Life Ins. Co.,* 71 *Ga. App.* 393, 31 S. E. 2d, 214; *New York Life Ins. Co.* v. *King,* 28 *Ga. App.* 607, 112 S. E. 383; *Travelers Ins. Co.* v. *Sheppard,* 85 *Ga.* 751 (29), 12 S. E. 18; *New York Life Ins. Co.* v. *Ittner,* 59 *Ga. App.* 89, 200 S. E. 522) ; and there being no evidence that, upon being requested to furnish LeClair with a Coca-Cola, Oldham entered the vestibule of the sixth car where the Coca-Colas were stored for any purpose incompatible with his duty, the only reasonable inference to be drawn is that drawn by the hearing director; and, in view of LeClair's positive, uncontradicted evidence, we think the finding authorized that Oldham's death occurred within the period of his employment, at a place where he could reasonably be expected to be, and while he was fulfilling his duty in securing a Coca-Cola for a passenger, and this—aided by the presumption against suicide, which we have discussed above— is to say that the death of Oldham arose out of and and in the course of the employment by reason of an accident, which was the hearing director's finding. There being evidence which would authorize the hearing director's finding, such finding of fact is

conclusive upon the court, and this is a rule so well established under our law as to require no citation of authority.

In the light of what has just been said in the foregoing paragraph, the court did not err in overruling the appeal.

*Judgment affirmed.   Sutton, P. J., and Parker, J., concur.*