### 19730. LIFE & CASUALTY INSURANCE COMPANY OF TENNESSEE *v.* BROWN.

CANDLER, Justice. For an annual premium of $36.18, Life & Casualty Insurance Company of Tennessee issued to Erasmus R. Brown a twenty-pay life-insurance policy in the amount of $1,000, and for an additional annual premium of $2, it issued to him a supplemental accident policy, which in part provides: "Upon due proof that the death of the insured occurred in consequence of bodily injury effected solely through external, violent and accidental means of which, except in case of drowning or of internal injuries revealed by an autopsy, there is a visible wound or contusion on the exterior of the body, and that such death occurred within ninety days after such injuries were sustained and as the direct result thereof independent of all other causes, the company will pay an additional sum equal to the single sum insured." Mrs. Erasmus R. (Lucile) Brown, the beneficiary, brought a suit against the insurer for $1,000 on the supplemental accident policy. In addition to what is stated above, her petition as amended alleges in substance the following facts: The insured, while eating his noonday meal on January 15, 1956, experienced severe pain in his abdominal region, and his physician found that he was suffering from acute but uncomplicated appendicitis of short duration. Approximately 7 hours later, he was prepared for an appendectomy. While being administered ether, he vomited and certain food

in his stomach, which had not been digested and which had not been sufficiently masticated, lodged in his windpipe and stopped the flow of oxygen to his brain for such a length of time that it was irreparably injured and such injury to his brain was externally revealed by cyanosis—a bluish tint to the skin. From the injury thus inflicted he died on January 19, 1956. The policy sued on was of full force and effect at the time of his death. The amended petition was demurred to on the ground that it failed to state a cause of action for the relief sought. It was overruled by the trial judge, and his judgment was sustained by the Court of Appeals. *Life & Casualty Ins. Co. of Tennessee v. Brown,* 95 *Ga. App.* 354 (98 S. E. 2d 68). The case came to this court for review on certiorari to the Court of Appeals. *Held:*

1. The motion to dismiss this litigation on the ground that the writ of certiorari was improvidently granted, since the question it presents for review is not one of great public concern, gravity, and importance, is without merit and is therefore denied.

2. Insurance against death by accident is usually, as here, afforded for a small premium and the coverage is correspondingly narrow. The liability is guarded by carefully chosen words, and a court has no more right by strained construction to make the policy more beneficial by extending the coverage contracted for than it would have to increase the amount of the insurance. Deliberately to do either would be a judicial wrong. In this case the insurer agreed for an annual premium of $2 to pay the named beneficiary $1,000 if the insured died "in consequence of bodily injury effected solely through external, violent and accidental means of which, except in case of drowning or of internal injuries revealed by an autopsy, there is a visible wound or contusion on the exterior of the body, and that such death occurred within ninety days after such injuries were sustained and as the direct result thereof independent of all other causes." The amended petition alleges that the insured died from a brain injury effected solely through external, violent and accidental means, independent of all other causes, and that the internal injury from which he died was revealed by cyanosis. Conceding, but not holding, that the amended petition is sufficient to show that the insured died from an injury effected solely through

external, violent and accidental means, and independent of all other causes, still there would be no liability under the policy unless the internal injury from which he died was revealed by an autopsy or by a wound or contusion on the exterior part of his body. There is no allegation in the amended petition that an autopsy was performed, and its allegation that the internal injury from which the insured allegedly died was revealed by cyanosis, which means a bluish tint to the skin, is under the terms and meaning of the policy insufficient to allege that the internal injury which produced his death was revealed by a wound or contusion on the exterior part of his body. The words "wound" and "contusion" have well-defined, generally accepted, and understood meanings. The commonly understood and accepted meaning of the word "wound" is an injury where the skin or other membrane is broken, as by violence or surgery. See Webster's New International Dictionary (2d ed.); Travelers Insurance Co. v. Ansley, 22 Tenn. App. 456 (124 S. W. 2d 37), and Paul Revere Life Insurance Co. v. Stanfield, 151 Fed. 2d 776. These authorities, as well as others, define "contusion" as a bruise affecting subcutaneous tissue without breaking the skin. "Contusion" in its ordinarily accepted meaning is synonymous with the word "bruise," and "bruise" is generally defined as a hurt or injury to the flesh by a blunt instrument, or by a fall, producing no break or apparent wound. In the Stanfield case, supra, where the insuring clause of the policy was exactly like the one here involved, and where the insured died from a sunstroke and the petition alleged and the evidence showed that, just before death occurred, his "skin had turned blue practically all over his body," it was said: "It is difficult to think of pallor, perspiration, dilated pupils, or a bluish tint to the skin immediately preceding death as either wounds or contusions. To so hold would, in our opinion, do violence to the ordinarily accepted meaning of these terms as they are understood by intelligent persons." There it was held that the injury which produced the insured's death was not revealed by a wound or contusion on the exterior part of his body, and the case was reversed and remanded to the trial court with direction to vacate the verdict in favor of the beneficiary and enter a final judgment for the defendant company. We therefore hold that the amended petition failed

to state a cause of action for the relief sought. Hence, the judgment complained of is erroneous.

*Judgment reversed. All the Justices concur except Wyatt, P. J., who dissents.*

ARGUED JUNE 10, 1957—DECIDED JULY 3, 1957.

*Martin, Snow & Grant,* for plaintiff in error.
*Abbot & Abbot,* contra.