## 43073. LAND v. CONSOLIDATED CREDIT CORPORATION.

Whitman, Judge. The appeal in this case is from an order granting a motion by the plaintiff for summary judgment. Plaintiff, Consolidated Credit Corp., brought suit in trover to recover certain personal property pursuant to defendant's alleged default on a "Loan Note and Security Agreement." The defendant filed no answer to the plaintiff's petition and filed no other defensive pleadings on or before appearance day, but did subsequently file a plea of discharge in bankruptcy, a special plea disclaiming title to the property, and an opposing affidavit to the plaintiff's motion for summary judgment.

The defendant has enumerated as error the granting of plaintiff's motion for summary judgment and the failure of the court "to consider" the plea of discharge in bankruptcy, the special plea disclaiming title, and the affidavit in opposition to the motion for summary judgment. *Held:*

1. Where, as here, plaintiff's verified petition stated a cause of action, sufficient in law, against the defendant in trover pursuant to the defendant's alleged default on a "Loan Note and Security Agreement" and the defendant *files no answer,*

it is not error with regard to the issue of liability to grant plaintiff's motion for summary judgment, as in such case there remains no material issue of fact to be tried by a jury. See *Code Ann.* § 110-1201 (Ga. L. 1959, p. 234); *Code Ann.* § 110-1203 (Ga. L. 1959, p. 234).

2. " 'In an action of trover the issue is one of title, and not of debt. . . The sole issue in the trial of an action of trover is that of title to the property in dispute; and the fact that the plaintiff may elect to take a money verdict in lieu of the specific personalty claimed can in no event alter that issue.' *Berry v. Jackson,* 115 Ga. 196, 197 (41 SE 698, 90 ASR 102)." *Stephens v. Southern Discount Co.,* 105 Ga. App. 667, 669 (125 SE2d 235). A plea of discharge in bankruptcy is not a defense to an action in trover (*Chastain v. Consolidated Credit Corp.,* 113 Ga. App. 225 (4) (147 SE2d 807)), and is not made a defense by the plaintiff's election to take an alternative money verdict.

3. "While the debt may have been discharged in bankruptcy so that plaintiff can not recover on it, yet it is entitled to recover in trover for the property, or its value; and the measure of the recovery, if plaintiff elects to take a money verdict, is the value of the property and its hire, up to but not in excess of the amount of the debt. When, as here, the trover action is grounded upon a bill of sale to secure debt, conditional sale contract, or the like, the parties have presumptively agreed, in the execution of the contract, that the value of the property conveyed or of the maker's interest in it, is at least equal to the amount of the debt, and plaintiff may prima facie prove the value by proving the amount of the debt that is due. . . [T]he showing of a value less than the prima facie value shown by proof of the balance due on the debt is a matter of defense. . . If it is sought to prove that the value of the property is other than the prima facie value evidenced by the instrument and proof of the balance due, the evidence should measure up to the standard of *Hoard v. Wiley,* 113 Ga. App. 328 (147 SE2d 782)." *Chastain v. Consolidated Credit Corp.,* 114 Ga. App. 474, 477 (4) (151 SE2d 889).

In order for the defendant to make an issue of the value of the property claimed, as against the plaintiff's affidavit in which the plaintiff's manager swore of his own personal knowledge as to the amount of the unpaid balance and at-

tached a business record showing the balance due, it was necessary for the defendant's affidavit to meet certain minimum requirements. "When an opinion is sought from a witness as to the value of a thing, it is necessary that it be shown that the witness has some knowledge, experience or familiarity with the value of the thing or of similar things. This foundation is essential in order to show the bases or the reasons for the witness' opinion as to the value of the thing." *Hoard v. Wiley*, 113 Ga. App. 328 (1), supra.

Defendant's opposing affidavit contains the following averments on the issue of value: "He (defendant) denies the value of the property now sued upon . . . is of the value of $903. . . [D]efendant states that there is a genuine issue of fact as to the value of the subject property. . . [T]hat it is a matter of fact that the market value, or utility·value, or any values whatsoever of the subject property would be exceedingly less than the amount of the unpaid balance alleged to be owing by the plaintiff." These averments do not without more constitute admissible evidence, but are mere conclusions without any supporting facts and simply do not meet the test of the *Hoard* case, supra.

The trial court did not err in granting the plaintiff's motion for summary judgment.

> *Judgment affirmed. Bell, P. J., and Pannell, J., concur.*

ARGUED SEPTEMBER 8, 1967—DECIDED FEBRUARY 5, 1968—
REHEARING DENIED FEBRUARY 20, 1968—CERT. 

*F. Kelly McCutchen*, for appellant.
*Walter H. Bolling*, for appellee.