### 44962. CONTINENTAL ASSURANCE COMPANY v. ROTHELL.

PANNELL, Judge. Jewell English Rothell, appellee, brought an action against Continental Assurance Company, appellant, seeking recovery, as beneficiary, of accidental death benefits under a policy of insurance issued by the appellant which provided: "If an insured, as a result of bodily injury caused solely by accident occurring while insured under the policy, shall suffer, directly and independently of all other causes within ninety days from the date of the accident, any of the losses described below the company will pay the amount specified in the following Schedule of Indemnities for such loss." While there were exclusionary provisions in the policy, there is no contention by the insurance company that they apply. To be shortly stated, the evidence showed conclusively that the insured died of a broken neck caused by a severe trauma. He was found slumped on a sidewalk and when admitted to the hospital was suffering from partial paralysis and up until the time of his death was unable to explain how he received his injuries. The insurance company appealed from the denial of its summary judgment with a proper certificate therefor as well as from the granting of a summary judgment for the plaintiff appellee, and enumerated as error the overruling of its motion for summary judgment and the granting of the

summary judgment in favor of the appellee. A motion was made to dismiss the appeal. *Held:*

1. The appeal is from an order and judgment entered on September 22, 1969, overruling defendant's motion for summary judgment and granting a summary judgment in favor of the plaintiff. The order and judgment described were signed and dated on September 22, 1969, but were not entered (filed with the clerk of the lower court) until September 23, 1969. The motion to dismiss the appeal for insufficient description of the order appealed from is denied. *Insurance Co. of North A. v. Jewell,* 118 Ga. App. 599, 602 (164 SE2d 846).

2. A defendant, on whom the burden of proof at the trial does not lie, and who on motion for summary judgment in its favor does not pierce the issues made by the pleadings, or, under our present practice, disprove one or more of the essential elements of the plaintiff's case, does not carry the burden of such a movant merely because the evidence submitted fails to prove the plaintiff's case even though it be wholly or in part the deposition or affidavit of the plaintiff itself. There is no burden on the plaintiff to come forward with proof of his case until the evidence adduced prima facie disproves an essential element of plaintiff's theory of recovery. 6 Moore's Federal Practice 2347, par. 56.15 (3), n. 46; *Shadix v. Dowdney,* 117 Ga. App. 720 (162 SE2d 245). Accordingly, the evidence adduced on the defendant's motion for summary judgment not affirmatively disclosing that the insured's death was other than accidental, the trial court did not err in denying the defendant's motion for summary judgment. This is so even should we assume the evidence failed to prove the plaintiff's side of the issue, that is, that the death was accidental. Merely because under the evidence adduced the defendant movant for summary judgment might be entitled to a directed verdict on the trial under the same evidence, does not necessarily authorize a summary judgment for the defendant. See *Southern Bell Tel. &c. Co. v. Beaver,* 120 Ga. App. 420 (3) (170 SE2d 737).

3. Where a death occurs and none of the causative factors are known, it will be presumed to be from natural causes (*New York Life Ins. Co. v. King,* 28 Ga. App. 607, 610 (112 SE 383)), and where the only factor known is that the insured died as the result of a violent and external injury, the cause is presumed accidental. *Gaynor v. Travelers Ins. Co.,* 12 Ga.

App. 601 (6) (77 SE 1072); *New York Life Ins. Co. v. King,* 28 Ga. App. 607, supra. In *New York Life Ins. Co. v. Jennings,* 61 Ga. App. 557, 561 (6 SE2d 431), this court in approving a charge complained of said: "The excerpt from the charge complained of in grounds 9 and 10 in effect followed 1 C. J. 495, § 278, which is as follows: 'The fact of death does not of itself create any presumption that it was the result of an accident; and where, in order to make out plaintiff's case, it is necessary to base a presumption that death resulted from an injury on a presumption that the insured sustained an accidental injury, no recovery can be had. Where, however, it is apparent that the injury to or death of the insured was the result of external and violent means, and the issue is as to whether it was due to an accident within the meaning of the policy, or to some cause excepted by the policy, the presumption is in favor of accident and against the existence of facts bringing the case within any of the exceptions of the policy, such as insanity of the insured, intentional injury inflicted by a third person, lack of due care and diligence, self-inflicted injuries, and suicide. These presumptions may, however, be overcome by facts and circumstances establishing the contrary.' This charge was not reversible error." Accordingly, under the evidence adduced, a prima facie case for recovery under the policy was proven and, nothing to the contrary appearing, the trial court did not err in granting the plaintiff's motion for summary judgment. We are not here concerned with cases where additional evidence was submitted as to the cause of the injury resulting in death or stated otherwise, as to the cause of death, such as that the death was intentionally inflicted by another, which may come within an exclusionary clause of the policy (*Gaynor v. Travelers Ins. Co.,* 12 Ga. App. 601, supra; *New York Life Ins. Co. v. King,* 28 Ga. App. 607, supra), or where there was some evidence of a fight between the insured and others which may bring the death within an exclusionary clause in the policy (*Riggins v. Equitable Life Assurance Society,* 64 Ga. App. 834 (14 SE2d 182)); nor cases where a fall was the cause of the injury and there was no evidence as to the cause of the fall, that is, whether the fall was accidental or caused by bodily infirmity or disease, such as was the case in *Overstreet v. Metropolitan Life Ins. Co.,* 69 Ga. App. 459 (26 SE2d 115)) and cases cited therein; *United States Ins. Co. of*

*America v. Monroe*, 115 Ga. App. 747 (156 SE2d 99); *Mc-Carty v. National Life &c. Ins. Co.*, 107 Ga. App. 178 (129 SE2d 408). Nothing to the contrary is ruled in *Davison v. National Life &c. Ins. Co.*, 106 Ga. App. 187 (126 SE2d 811); *Life & Cas. Ins. Co. of Tennessee v. Brown*, 213 Ga. 390 (99 SE2d 98); *Travelers Ins. Co. of Hartford v. Newsome*, 147 Ga. 608 (95 SE 4); *Power v. Liberty Nat. Life Ins. Co.*, 221 Ga. 305 (144 SE2d 389); *Liberty Nat. Life Ins. Co. v. Power*, 111 Ga. App. 458 (142 SE2d 103) for in these cases no presumption arose, or if it did, there was evidence in rebuttal.

*Judgment affirmed. Jordan, P. J., Deen, Whitman, and Evans, JJ., concur. Bell, C. J., Hall, P. J., Eberhardt and Quillian, JJ., dissent.*

ARGUED JANUARY 8, 1970—DECIDED MAY 11, 1970—
REHEARING DENIED JUNE 5, 1970—CERT. ■

*Gambrell, Russell, Moye & Killorin, Charles A. Moye, Jr., Sewell K. Loggins, E. Smythe Gambrell,* for appellant.

*V. D. Stockton, McClure, Ramsay & Struble, Robert B. Struble,* for appellee.

EBERHARDT, Judge, dissenting. While I agree that the denial of the defendant's motion was not error (*Southern Bell Tel. &c. Co. v. Beaver*, 120 Ga. App. 420 (3) (170 SE2d 737)), I cannot agree that it was proper to grant plaintiff's motion for summary judgment.

This is a suit on an accident insurance policy which provides for the payment of benefits thereunder "[i]f an insured, as a result of bodily injury caused solely by accident occurring while insured under the policy shall suffer, directly and independently of all other causes within ninety days from the date of the accident . . . for loss of life" the sum of $5,000.

The insured was seen at approximately 1:45 p.m. May 30, 1967, apparently suffering from no physical problems. At 12:40 a.m. May 31, 1967, he was admitted to Grady Hospital with a broken neck—posterior fusion of C-4, 5, 6 and 7, and a dislocation at C-5 and 6.

The hospital records, which plaintiff submitted in evidence in support of her motion and in opposition to defendant's motion

for summary judgment, relate that the insured "was picked up by the police today (May 30, 1967) because of drinking and ? what else —complained of pain in shoulders and numbness and weakness in arms and legs. He states that *he can't remember when this started;* can't remember when he was picked up— *thinks he woke up this way in the jail."*

Dr. Skorapa, a consulting physician, entered on the records: "This patient was admitted to the hospital for a dislocation of C-5, C-6 *due to an unknown cause."*

On the surgeon's operative record is the statement that "this 59 year old white male *was found slumped on a sidewalk* May 30, 1967," following which are details of the operative procedure.

In answer to an interrogatory seeking details as to how the insured was injured plaintiff-beneficiary asserted that "The exact *details of the accident are unknown."*

The death certificate listed as the cause of death: "Traumatic neck injury" and that it was a "trauma of *undetermined etiology."*

There is no other evidence of any kind in the record which throws any light on the cause of death, or of how his neck injury came about.

While there is a presumption against suicide (*Travelers Ins. Co. v. Sheppard,* 85 Ga. 751, 802 (12 SE 18)), and a presumption of accidental rather than intentional injury (*Gaynor v. Travelers Ins. Co.,* 12 Ga. App. 601 (6) (77 SE 1072)), "[t]he presumption should not be confused with the proof of the *means* producing death such as proof that death occurred by 'violent,' 'external,' or 'accidental' means or elements of that nature. While proof of the *means* producing death is usually necessary in order to bring the death within the coverage of the contractual term of an insurance policy (*Travelers Ins. Co. v. Wyness,* 107 Ga. 584, 587 (2) (34 SE 113)), proof of the means is not necessary in order *to create* the presumption. . . The presumption is a presumption of fact. It is not a presumption of law. *Templeton v. Kennesaw Life &c. Ins. Co.,* 216 Ga. 770, 773 (119 SE2d 549)." *Liberty Nat. Life Ins. Co. v. Power,* 111 Ga. App. 458, 463 (142 SE2d 103). This was approved by the Supreme Court in *Power v. Liberty Nat. Life Ins. Co.,* 221 Ga. 305, 306 (144 SE2d 389), where it was asserted: "After full

consideration we have concluded that the Court of Appeals correctly interpreted the principles of law which are applicable, including those in *Templeton v. Kennesaw Life &c. Co.*, 216 Ga. 770 (119 SE2d 549) and *Belch v. Gulf Life Ins. Co.*, 219 Ga. 823 (136 SE2d 351)."

What, then, was the burden of the plaintiff in connection with its motion for summary judgment?[1] "There can be no accident, as a matter of law, without existence of a fact or facts pointing to death through accidental means. It is incumbent upon the plaintiff to show that in the act or acts which preceded the injury alleged to have caused the insured's death something unforeseen, unexpected or unusual happened." *Riggins v. Equitable Life Assur. Society*, 64 Ga. App. 834, 835 (14 SE2d 182). "Where an insurance policy provides for double indemnity for accidents, caused solely through external, violent and accidental means, the burden is upon the plaintiff to show that in the act which preceded the injury alleged to have been sustained by the insured, something unforeseen, unexpected, or unusual occurred. 'In other words, the act which preceded the injury itself must have been an accident.' *Continental Casualty Co. v. Rucker*, 50 Ga. App. 694, 696 (179 SE 269)." *Johnson v. National Life &c. Ins. Co.*, 92 Ga. App. 818, 819 (90 SE2d 36). Accord: *Newman v. Benefit Assn. of R. Employees*, 173 Ga. 881 (162 SE 122); *Continental Cas. Co. v. Pittman*, 145 Ga. 641 (89 SE 716); *Johnson v. Aetna Life Ins. Co.*, 24 Ga. App. 431 (101 SE 134).

Where it was contended that an insured received an accidental injury while using a heavy hammer which produced a laceration of the muscles of his stomach, resulting in a hernia and ensuing death, the court, quoted from U. S. Mut. Acc. Assn. v. Barry, 131 U. S. 100, 121 (9 SC 755, 22 LE 60), where in defining the term "accidental" in relation to an injury received from jumping off a platform, it was said that "the ques-

---

[1]See *Holland v. Sanfax Corp.*, 106 Ga. App. 1, 4 (126 SE2d 442); *Colonial Stores v. Turner*, 117 Ga. App. 331, 333 (160 SE2d 672); *Sanfrantello v. Sears, Roebuck & Co.*, 118 Ga. App. 205 (163 SE2d 256).

tion was, whether there was anything accidental, unforeseen, involuntary, unexpected, in the act of jumping, from the time the deceased left the platform until he alighted on the ground . . . if a result is such as follows from ordinary means, voluntarily employed, in a not unusual or unexpected way, it can not be called a result effected by accidental means; but if, in the act which precedes the injury, something unforeseen, unexpected, unusual, occurs which produces the injury, then the injury resulted through accidental means." *Atlanta Accident Assn. v. Alexander,* 104 Ga. 709, 711 (30 SE 939, 42 LRA 188).

The proof in this record wholly fails in showing that there was anything "unforeseen, unexpected, or unusual" in whatever may have happened to the insured. The *result*—a broken neck—may have been accidental, but it may have been from some act which the insured fully intended to do, as, for example, engaging in a fight. Where is the proof of accidental *means?* How and from what do we divine that the *means* were accidental? They are not pleaded, nor are they proven. We can not know or surmise what they may have been—nor could the trial court. If we do not know *what* they were, how may we know their nature and whether they were accidental? It has long been the law of this State that for an event to come within this type of coverage it must come about by accidental means, and not as merely an accidental result. *Cobb v. Preferred Mut. Acc. Assn.,* 96 Ga. 818 (22 SE 976); *Fulton v. Metropolitan Cas. Ins. Co.,* 19 Ga. App. 127 (91 SE 228); *American Nat. Ins. Co. v. Chappelear,* 51 Ga. App. 826 (2) (181 SE 808); *Thompson v. Prudential Ins. Co.,* 84 Ga. App. 214 (66 SE2d 119). This burden the plaintiff must carry. *Green v. Metropolitan Life Ins. Co.,* 67 Ga. App. 520 (1) (21 SE2d 465); *New York Life Ins. Co. v. Jennings,* 61 Ga. App. 557 (3) (6 SE2d 431); *Johnson v. Aetna Life Ins. Co.,* 24 Ga. App. 431, supra. She has not done so.

I agree with the assertion of the majority that we are not here concerned with matters which may come within *exclusionary* provisions of the policy for the establishment of which the *defendant* has the burden; what we are concerned with is the quantum of proof necessary to be made *by the plaintiff* to make a *prima facie case* of liability under the terms of the policy,

and to carry the requisite burden of one who moves for summary judgment. If we were dealing with a suicide exclusion, the burden would be upon the company to establish to the jury's satisfaction that the deceased met his death as a result of suicide, but such is not the case here. We deal here with whether, *as a matter of law,* plaintiff has carried her burden of showing that defendant died by accidental means.

The presumption upon which the majority relies can stand for nothing more than that the *result* was accidental; it neither proves nor substitutes for proof of *accidental means.* This is recognized in *Travelers Ins. Co. v. Newsome,* 147 Ga. 608 (95 SE 4), where the only proof as to how the insured had come to his death was that he had died from a "stab wound," and that plaintiff had asserted in her notice to the company that the insured had died "from being stabbed by a Negro on the streets." Pointing out that "no evidence was offered relating to the circumstances under which the wound was inflicted," the Supreme Court reversed our holding in *Newsome v. Travelers Ins. Co.,* 19 Ga. App. 264 (91 SE 441) that the grant of a nonsuit was error, asserting that while there were averments in the petition of facts which, *if proved,* would establish an accidental death within the meaning of the policy, though "no *presumption* of the truth of such averments arises; but *in order to make a prima facie case warranting a recovery there must be proof that the injury causing death was unforeseen* by the insured, and not a result of any misconduct or provocation on his part." (Emphasis supplied). If the presumption of accidental means does not arise from *pleaded* facts, how can it arise from facts which are *neither pleaded nor proven?* The conclusion of the majority (Hn. 3), therefore, that "under the evidence adduced, a prima facie case for recovery under the policy was proven . . ." is error. No prima facie case is made. Particularly applicable to the situation here are *Continental Cas. Co. v. Rucker,* 50 Ga. App. 694 (1a) (179 SE 269); *Riggins v. Equitable Life Assur. Soc.,* 64 Ga. App. 834 (14 SE2d 182), and *Johnson v. National Life &c. Ins. Co.,* 92 Ga. App. 818 (90 SE2d 36), in each of which it was held that proof of the accidental means must be made.

It appears from the records which plaintiff placed in evidence that her husband, the insured, was seen at about 1:45 p.m., May 30, 1967, apparently suffering from no physical problems. Later he was taken into custody by the police "because of drinking." He had been found "slumped on the sidewalk." He was admitted to the hospital at 12:45 a.m., May 31, 1967, with a broken neck. These are statements of fact from the records which plaintiff introduced.

It is to be presumed that the police officers discharged their duty in taking the insured into custody for drinking, and it is a matter of common knowledge, of which judicial notice may be taken, that intoxication may be of such a degree as to cause one to fall. See generally, 31A CJS, Evidence, § 75. "[I]f one voluntarily becomes drunk and consequently falls down, or lies down, in a state of insensibility on a public highway, so that he is injured by a passing motor vehicle, he cannot recover for the injuries so received. . ." *Southland Butane Gas Co. v. Blackwell*, 211 Ga. 665 (88 SE2d 6). And see *Berry v. Northeastern Railroad*, 72 Ga. 137 (1b). Thus, a material factual issue as to whether the insured suffered his injury as a result of voluntary intoxication or from accident was made, and it should have been submitted to a jury. *Sammons v. Webb*, 86 Ga. App. 382 (8) (71 SE2d 832). See *Equitable Life Assur. Soc. v. Paterson*, 41 Ga. 338, 368 (5 AR 535) ; *Schneider v. Metropolitan Life Ins. Co.*, 62 Ga. App. 148, 152 (7 SE2d 772). If it resulted from voluntary intoxication, whether it was by accidental means is a factual issue. Instead of foreclosing this as an issue in connection with her motion for summary judgment, she has raised it, and the grant of summary judgment resting solely on a presumption of fact was error.

Moreover, if it should be held that under the circumstances here, there arises a presumption not only that the result was accidental, but that the means were likewise accidental—which the authorities do not justify—a grant of summary judgment for the plaintiff was error because *Code* § 38-113, under which the presumption must arise, provides that presumptions of fact "are *exclusively* questions for the jury, to be decided by the ordinary test of human experience." (Emphasis supplied).

With no more proof than has been submitted in this case a verdict for the plaintiff could not stand, for there has been no proof that the insured's death resulted from accidental means. If what has been produced is all that can be produced, the plaintiff will have failed to carry the burden and a directed verdict would be proper.

I am authorized to state the Chief Judge Bell, Presiding Judge Hall and Judge Quillian concur in this dissent.

Addendum to Opinion.

A judgment of affirmance in this case was entered on the 5th of March, 1970. A motion for rehearing was filed by the appellant and Judge Eberhardt entered a dissent from the judgment of affirmance and it being apparent that the case could not be finally determined by the whole court before the end of the term, the judgment of affirmance was vacated. Since a majority of the court are still of the opinion that the judgment should be affirmed, the original opinion has been left standing, but, in view of the dissent, we feel further discussion of the question is necessary and appropriate.

No contention is made by the majority that the presumption in the present case is a conclusive presumption which cannot be rebutted; but only that it is a prima facie presumption, which if unrebutted by *any* evidence *then* becomes conclusive and demands a finding for the plaintiff. Judge Eberhardt's dissent takes the position that a "presumption of fact" as referred to in *Code* § 38-113 is involved. The presumption here is a presumption relating to facts but it is a presumption of an ultimate fact raised by the law from the facts proven. "Presumptions . . . of law . . . are conclusions and inferences which the law draws from given facts." *Code* § 38-113. This statutory definition is controlling in applying *Code* § 38-113 and means that the presumptions of fact therein dealt with are something different from those defined as presumptions of law. In *Jefferson Standard Life Ins. Co. v. Bentley*, 55 Ga. App. 272 (190 SE 50), this court ruled accordingly (p. 283) in the following language: "In the present case the insured was found alone in his room, lying on his bed, clothed in his pajama pants and an undershirt, with a pistol wound through his chest and a

pistol nearby on the bed, with a discharged cartridge therein. *The presumption of law* is that the death was accidental. It was the duty of the insurer, *in order to defeat a recovery,* to rebut this presumption with counter-evidence, not merely its duty to go forward with the evidence." In that case, as in the present case, we have a death caused by external and violent means without knowing the means used to create the external and violent cause, that is, whether the means were accidental or within one of the exceptions in the policy, such as suicide, etc. In determining that this presumption was a presumption of law, the court in that case said (p. 282): *"Presumptions of law, as is the presumption against suicide and in favor of accident,* are conclusions and inferences which the law draws from given facts. 'Doubtless all presumptions of law not originating in statutes were once presumptions of fact, and gradually developed into presumptions of law by a process of evolution; and most probably many inferences and conclusions destined to become presumptions of law in the future, are now in the formative stage, passing and repassing through the jury-box. Before any presumption not manufactured by the legislature can mount to the bench, it has to serve for a long season on the jury, and be trained for judicial administration.' *Kinnebrew v. State,* 80 Ga. 232 (5 SE 56); *Dyer v. State,* 6 Ga. App. 390 (65 SE 42). A presumption of law, such as the presumption against suicide, duration of life for seven years, of innocence, of a mental state once proved to exist, and similar presumptions *may be rebutted by proof. Code* § 38-118. Such a presumption is merely a circumstantial inference selected by the law as the most rational hypothesis from given facts, and may or may not be rebutted according to the quality of evidence introduced. It yields to direct, positive, and uncontradicted evidence, i.e., it gives way to proved facts. *Hamby v. Crisp,* 48 Ga. App. 418 (6 a) (172 SE 842); *National Life &c. Co. v. Hankerson,* 49 Ga. App. 350 (7) (175 SE 590)."

In *Cox v. Independent Life &c. Co.,* 101 Ga. App. 211 (2) (113 SE2d 228), the presumption that an unexplained death resulting from violent and external means is the result of accident is described as a presumption of law. In *Union News Co. v.*

*Oldham,* 74 Ga. App. 209, 211 (39 SE2d 318), this court said, there being no evidence of how Oldham met his death (he died of violent and external injuries), suicide is precluded by *the legal presumption* that he met his death accidentally, citing decisions of the Court of Appeals, among which was *Jefferson Standard Life Ins. Co. v. Bentley,* 55 Ga. App. 272, supra. "The plaintiff must make out her case; but in so doing she can use the presumption against suicide *which the law recognizes* as arising out of the instincts of nature, one of which is the love of life." *Travelers Ins. Co. v. Sheppard,* 85 Ga. 751, 801 (12 SE 18). (Emphasis supplied). This case is older than any of the recent cases of the Supreme Court relied upon by the dissent. "The presumption against suicide is *a rule of law* which permits, and according to some courts requires, the conclusion, in the event of an unexplained death by violent injury, that the death was not suicidal until credible evidence of self-destruction is offered." 29 AmJur2d 269, Evidence, § 219. (Emphasis supplied). "A presumption of law, which has been said to be the true, or the only true, presumption, is an inference or deduction which, in the absence of direct evidence on the subject, the law requires to be drawn from the existence of certain established facts; a presumption which the law compels, and which may be conclusive or rebuttable; a rule of law announcing a definite probative weight attached by jurisprudence to a proposition of logic. It is an assumption made by the law that a strong inference of fact is prima facie correct, and will therefore sustain the burden of evidence, until conflicting facts on the point are shown." 31A CJS 210, Evidence, § 117. Ordinarily, a presumption of fact will vanish or become inoperative when any evidence on the issue appears even if only to the extent that an inference may be drawn from it. 31A CJS 215, Evidence, § 119. The presumption involved in the instant case has been expressly held by the Supreme Court not to disappear upon the introduction of evidence in rebuttal, but to disappear only in the jury room. *Templeton v. Kennesaw Life &c. Ins. Co.,* 216 Ga. 770, 773, supra.

The error of the dissent in insisting that the plaintiff has not shown the accidental means causing the death is that it over-

looks the fact that *proof of the external and violent means* is proof *of accidental means,* nothing else appearing. That is exactly what the cases say, even the cases cited by the dissent. In cases where the evidence shows that a fall or a jump occurred just prior to the injury, then something accidental must be shown to be involved in the fall or in the jumping, if the jumping or fall caused the violent and external injury. Where the cause of the violent and external injury is unknown, then accident is presumed and no further proof is necessary unless and until other evidence is introduced showing that the external and violent injury may have been caused by something other than an accident. Where there is a provision in the policy excluding from the accidental death provisions a death of the insured resulting from his participating in the commission of an assault or felony and the evidence shows an assault was in progress, the burden, of course, would be on the plaintiff to show that the injuries were accidental even though that they were violent and external is also shown. This is the case of *Riggins v. Equitable Life Ins. Society,* 64 Ga. App. 834 (14 SE2d 182) relied on in the dissent. It is obvious that, in this case, the cause of the external and violent injury was in evidence. That is not the case here.

While proof of death alone, no other facts appearing, is sufficient to raise a presumption against suicide, it is necessary that not only death be shown, but also that it be caused by violent and external means in order to raise a presumption of accidental death. That is what was held in *Liberty Nat. Life Ins. Co. v. Power,* 111 Ga. App. 458 (142 SE2d 103). In the above case (p. 463), this court also held: "The presumption [against suicide] is a presumption of fact. It is not a presumption of law. *Templeton v. Kennesaw Life &c. Ins. Co.,* 216 Ga. 770, 773 (119 SE2d 549)." An examination of the Supreme Court decision does not disclose there was an *express ruling* that such presumption was a presumption of fact. Unless the Supreme Court case cited therein controls the question, the *Liberty Nat. Life Ins. Co.* case must give way to the older case of *Jefferson Standard Life Ins. Co. v. Bentley,* 55 Ga. App. 272, supra. While the Supreme Court in *Templeton v. Kennesaw Life &c. Ins. Co.,* 216 Ga. 770,

773, supra, made certain statements concerning presumptions of fact, no express ruling was made that the presumption there involved was a presumption of fact as distinguished from a presumption of law, but the Supreme Court did reverse the Court of Appeals decision in *Kennesaw Life &c. Ins. Co. v. Templeton*, 102 Ga. App. 867 (118 SE2d 247) on the basis that the Court of Appeals was in error in holding that the presumption ceased to exist as soon as any evidence to the contrary was introduced, which Court of Appeals ruling was based upon its holding that a presumption of fact was involved.

However, regardless of what the courts have called this presumption, it has been held by both courts that the presumption, unrebutted, is sufficient to make a prima facie case. "The presumption of death by accident is prima facie only and is rebuttable. . ." *New York Life Ins. Co. v. King*, 28 Ga. App. 607, 610 (112 SE 383). Where a plaintiff on motion for summary judgment makes a prima facie case and there is no evidence in rebuttal, the plaintiff is entitled to summary judgment. See *Land v. Consolidated Credit Corp.*, 117 Ga. App. 275 (160 SE2d 219). It appears, therefore, that regardless of the dispute as to whether a presumption of fact or presumption of law exists, the presumption is sufficient to make a prima facie case for the plaintiff, which, if unrebutted, would demand a finding for the plaintiff on summary judgment. "Where an insurance policy provides for benefits in case of death by external, violent and accidental means, where the means producing death were external and violent, there is a presumption, in the absence of evidence to the contrary, that the means were also accidental." *Kennesaw Life &c. Ins. Co. v. Templeton*, 102 Ga. App. 867 (1 a), supra. "In a suit under an insurance policy which provides for benefits in case of death by external, violent, and accidental means where the means producing death were external and violent, and where the defense is based on suicide, where no evidence is introduced as to the cause of death, the presumption against suicide and in favor of accident will carry the plaintiff's prima facie case. In such a suit, where evidence is introduced which 'points indifferently' to either result, this basically means no evidence at all, and the presumption will

again apply and will make out a prima facie case for the plaintiff." Id. (2a, b). While this case was reversed on other grounds in *Templeton v. Kennesaw Life &c. Ins. Co.*, 216 Ga. 770, supra, this ruling remains undisturbed and is determinative of this case.