26014.   CONTINENTAL ASSURANCE COMPANY v. ROTHELL.

ARGUED NOVEMBER 9, 1970—DECIDED JANUARY 7, 1971—
REHEARING DENIED FEBRUARY 15, 1971.

*Gambrell, Russell, Moye & Killorin, E. Smythe Gambrell, Charles A. Moye, Jr., Sewell K. Loggins,* for appellant.

for appellee.

*V. D. Stockton, Robert B. Struble,* for appellee

ALMAND, Chief Justice. Jewell Rothell is the beneficiary under a life insurance policy issued by Continental Assurance Company, on the life of her husband, Ralph D. Rothell. As beneficiary, she is seeking to recover the sum of $5,000 claimed to be due for his accidental death benefits under the terms of the policy.

The insurer, in its denial of the material allegations of the complaint asserted that, "plaintiff had not met the provisions of the accidental death benefit section of the policy, and therefore no accidental death benefits were payable under said policy."

The defendant filed its motion for a summary judgment, and the plaintiff filed her motion in opposition to this motion, and also prayed for a summary judgment in her favor.

The trial court, on a hearing of these motions, and upon a consideration of the pleadings, plaintiff's answers to interrogatories, supporting affidavit and death certificate, denied the defendant's motion for a summary judgment, and granted a similar motion by the plaintiff awarding her the face amount of the policy, plus interest.

These orders were appealed to the Court of Appeals, and that court, by a divided bench, affirmed both judgments. 121 Ga. App. 868 (176 SE2d 259).

We granted the application of the defendant insurer for the writ of certiorari.

1. The insurance policy provided for the payments of benefits thereunder, "if the insured, as a result of bodily injury caused solely by accident occurring while insured under the policy shall suffer, directly and independently of all other causes within ninety

days from the date of the accident, any of the losses described below." The policy calls for loss of life to be compensated for by payment of $5,000.

Insured was admitted to Grady Memorial Hospital in Atlanta, at 12:40 a.m., May 31, 1967, with a broken neck. The records of that hospital, which were admitted into evidence to support the plaintiff's motion, show that the insured was, "picked up by the police today [May 30, 1967] because of drinking and (?) what else—complained of pain in shoulders and numbness and weakness in arms and legs—He states that he can't remember when this started, can't remember when he was picked up—Thinks he woke up this way in the jail—"

A consulting physician entered on the records: "This patient was admitted to the hospital for a dislocation of C-5, C-6 due to an unknown cause." On the surgeon's operative record is this notation, "This 59 yr. old WM was found slumped on the sidewalk 30-May-67." The death certificate listed as the cause of death: "Traumatic neck injury." The death certificate also stated, that the injury which occurred was, "a trauma of undetermined etiology." The plaintiff, in her answer to an interrogatory stated that: "The exact details of the accident are unknown."

The majority opinion ruled that where death occurs, and none of the causative factors are known, it will be presumed to be from natural causes; but where the only factor known is that the insured died as a result of a violent and external injury, the cause is presumed accidental. The opinion also held that where it is apparent that the injury was the result of external and violent means, it would be presumed to be caused by accident rather than by some cause excepted by the policy. The court held that the evidence adduced proved a prima facie case for recovery under the policy, and that since nothing to the contrary appeared, the trial court did not err in granting the plaintiff's motion for summary judgment.

The dissenting opinion conceded the fact that there was evidence that the insured died by reason of violent and external injuries. The dissent goes on to state, however, that the burden was on the plaintiff to prove that the *means* producing death was accidental.

The dissent held that for an event to come within this type of coverage, it must come about by accidental means, and not merely as an accidental result. The dissent felt that the presumption raised by the plaintiff reached only the fact that the result was accidental, and should not be stretched to the legal conclusion that the means of death was accidental. Therefore, the dissent felt that the correct result would have been to deny both of the motions for summary judgment.

We are of the opinion that the Court of Appeals erred in affirming the grant of the plaintiff's motion for a summary judgment. In *Travelers Ins. Co. v. Newsome,* 147 Ga. 608 (95 SE 4), suit was brought against the insurer for damages on account of the death of the insured. The policy covered "bodily injuries effected through external, violent, and accidental means." At the trial, the plaintiff introduced proof showing that death resulted from an external and violent wound in the chest, which was described as a "stab wound." No evidence was offered concerning the circumstances under which the injury was inflicted. The trial court granted a nonsuit. The Court of Appeals reversed the judgment of the lower court, and the Supreme Court granted certiorari. The court held, "that in a suit on an insurance policy of the character heretofore indicated, where the plaintiff avers the killing of the insured by another person, setting forth facts which, if proved, would establish an accidental killing within the meaning of the policy, no *presumption* of the truth of such averments arises; but in order to make a prima facie case warranting a recovery there must be proof that the injury causing death was unforeseen by the insured, and not a result of any misconduct or provocation on his part."

In *Johnson v. Aetna Life Ins. Co.,* 24 Ga. App. 431 (101 SE 134), the court stated, "In an action on an accident policy such as the one sued upon in this case there is no legal presumption that death resulted from an 'accident.' On the contrary, if there is any presumption at all, it is that death resulted from natural causes. Therefore, it will not suffice a plaintiff seeking to recover on an accident policy to rely upon a presumption that death resulted from accidental means, but the law imposes upon him the burden of proving such fact by competent evidence, either direct or cir-

cumstantial. In other words, there can be no accident, as a matter of law, without proof of a fact or facts pointing to death through accidental means. In the case at bar it was incumbent upon the plaintiff to show that in the act or acts which preceded the injury alleged to have caused the insured's death something 'unforeseen, unexpected, or unusual happened.' Whether or not this burden was successfully carried, either by direct or circumstantial evidence, is the controlling question in the case."

In *Riggins v. Equitable Life Assurance Society,* 64 Ga. App. 834, 835 (14 SE2d 182), it was said, "There can be no accident, as a matter of law, without existence of a fact or facts pointing to death through accidental means. It is incumbent upon the plaintiff to show that in the act or acts which preceded the injury alleged to have caused the insured's death something unforeseen, unexpected, or unusual happened."

The evidence on the motion for summary judgment not demanding a finding that the insured's death was the result of accidental means, it was error to grant the plaintiff's motion.

The Court of Appeals did not err in affirming the order of the trial judge denying the defendant's motion for a summary judgment.

*Judgment affirmed in part; reversed in part. All the Justices concur, except Nichols, Undercofler and Hawes, JJ., who dissent.*