## 49579. LIFE INSURANCE COMPANY OF GEORGIA v. THOMAS.

EVANS, Judge.

Dr. David Thomas was issued a life insurance policy by Life Insurance Company of Georgia with a "double indemnity" benefit in the amount of $10,000 payable provided death be caused "solely by external, violent, and accident means," which arose solely and independently of all other causes.

On September 28, 1968, after consuming one drink of a beverage containing alcoholic liquor and a platter of seafood for supper, Dr. Thomas retired for the night. He subsequently became ill, and as a result of asphyxiation caused by food, both digested and undigested, and regurgitated from his stomach into his windpipe, he died. It was also shown that Dr. Thomas suffered from heart disease, emphysema, and brain damage from a prior stroke and arteriosclerosis.

The widow, as beneficiary under the policy, sued Life Insurance Company of Georgia after it refused to pay the double indemnity benefit, and contended death resulted solely from external, violent, and accidental cause. Defendant answered, admitted jurisdiction and issuance of the policy, but denied liability. Defendant moved for summary judgment, which was denied, and on appeal to this court, the judgment was affirmed. See *Life Ins. Co. of Ga. v. Thomas,* 127 Ga. App. 682 (194 SE2d 625).

After a trial showing generally the above facts, as well as considerable other conflicting evidence raising issues for the jury to determine, a verdict was returned in favor of plaintiff. Defendant filed a motion for new trial and in the alternative a motion for judgment notwithstanding the verdict in accordance with its earlier motion for directed verdict. This motion was overruled, and defendant appeals. *Held:*

Expert opinion was offered by a medical doctor that Dr. Thomas died as a result of aspiration of food material which had been regurgitated, and which clogged his windpipe causing asphyxiation. The physician also testified that he thought his epiglottis malfunctioned allowing him to draw the regurgitated food into his windpipe. While there was testimony as to Dr. Thomas' physical condition to show he could have died of natural causes, the evidence was such that the jury could have determined that he died of a foreign body (undigested food — if digested food be construed *not* to be foreign to the body), accidentally clogging his windpipe. For death to be the result of accidental means, it must be the unexpected result of an unforeseen or unexpected act which was involuntarily done. See *Thompson v. Prudential Ins. Co.,* 84 Ga. App. 214, 218 (66 SE2d 119) and cits. Although the jury could have found that his general health (which was poor) might have caused this condition, asphyxiation is considered to be a violent cause of death. His death was sudden, and violent in that the clogging of his windpipe prevented the body from receiving oxygen from the air through the lungs. Clearly, death here was by accidental means. *Columbian Nat. Life Ins. Co. v. Miller,* 140 Ga. 346 (1) (78 SE 1079).

The jury in this case could have determined that the

clogging of the windpipe was by a foreign body (undigested food), which had not become a body fluid through natural digestive processes. A case that is very nearly in point, holding that asphyxiation is both violent and accidental is that of *Life & Cas. Ins. Co. of Tenn. v. Brown,* 95 Ga. App. 354, 356 (98 SE2d 68), which was reversed on other grounds in 213 Ga. 390 (99 SE2d 98).

Proximate cause is a matter peculiarly within the province of the jury. Here there was evidence to authorize the verdict, and there is no merit in any of defendant's enumerations of error. *Hall v. Gen. Acc. Assur. Co.,* 16 Ga. App. 66, 72 (85 SE 600); *Pippen v. Mutual Life Ins. Co.,* 108 Ga. App. 741, 748 (134 SE2d 446); *Bankers Health &c. Ins. Co. v. Smith,* 54 Ga. App. 525 (188 SE 463); *Columbian Nat. Life Ins. Co. v. Miller,* 140 Ga. 346, 349, supra.

*Judgment affirmed. Pannell, P. J., and Webb, J., concur.*

ARGUED SEPTEMBER 3, 1974 — DECIDED OCTOBER 23, 1974.

*Sanders, Hester, Holley, Askin & Dye, Travers W. Paine, III, William J. Williams, Otis F. Askin, Fred K. Harvey, Jr.,* for appellant.

*Hull, Towill, Norman, Barrett & Johnson, Wyckliffe A. Knox, Jr., David E. Hudson,* for appellee.