## 42686. UNITED INSURANCE COMPANY OF AMERICA v. MONROE.

FELTON, Chief Judge. 1. Under a life-insurance policy with an accidental death feature, in order to make out a prima facie case solely under the accidental death feature, the burden was on the plaintiff beneficiary to prove that the death was caused "directly and independently of all other causes by accidental bodily injury," this being the definition of accident contained in the policy. *Riggins v. Equitable Life Assur. Society,* 64 Ga. App. 834, 835 (14 SE2d 182) and cases cited; *Johnson v. Southern Life Ins. Co.,* 95 Ga. App. 625, 629 (98 SE2d 382).

2. The evidence in the present case demanded the finding that a fall sustained by the insured, if a cause of her death, was only a contributing cause, not one independent of such other possible causes as cerebral thrombosis, old age, arteriosclerosis, hardening of the arteries, acute abdominal condition, dehydration, decreased nutritional status, debility and temperature. The plaintiff beneficiary failed to carry the burden of proof of death caused "directly and independently of all other causes by accidental bodily injury"; therefore, the court erred in its judgment overruling the defendant insurer's motion for judgment n.o.v.

*Judgment reversed. Hall and Eberhardt, JJ., concur.*

ARGUED MAY 2, 1967—DECIDED MAY 19, 1967.

*Hitch, Miller, Beckmann & Simpson, Robert M. Hitch, III,* for appellant.

*Jones & Kemp, Charles M. Jones,* for appellee.