## 50693. BENEFICIAL STANDARD LIFE INSURANCE COMPANY v. USALAVAGE.
## 50848. ALLSTATE INSURANCE COMPANY v. HOLCOMBE.

STOLZ, Judge.

The facts of these cases are to be found in *Allstate Ins. Co. v. Holcombe*, 132 Ga. App. 111 (207 SE2d 537) in which this court affirmed the denial of summary judgment to the defendant insurer. Although the beneficiaries and the insurance companies differ, each case involves substantially identical accidental death benefit clauses in plaintiffs' insurance policies. The controlling clause in each policy provides for death benefits resulting from accidental bodily injury, *"directly and independently of all other causes."*

The trial judge made the following *finding of fact:* "The court, therefore, from all the facts and circumstances, finds that the injury received by the deceased on June 8th, 1971, did *contribute to* the infarction of the small bowel and to her death on June 17th, 1971." (Emphasis supplied.) The trial judge made the following *conclusion of law:* "The plaintiff's wife having received an injury to her person arising out of the use of an automobile which *contributed to* her death, the defendant is liable under the terms of the policy." (Emphasis supplied.)

The trial judge's finding of fact and conclusion of law, quoted above (made pursuant to Code Ann. § 81A-152 (a) (Ga. L. 1969, pp. 645, 646; 1970, pp. 170, 171) (made applicable to the State Court of DeKalb County by Code Ann. § 24-2107a (Ga. L. 1970, pp. 679, 681)), are in irreconcilable conflict. In policies such as those in the present cases, covering death resulting directly and independently of all causes other than the injury itself, the plaintiff has the burden of proof that the alleged injury was the *proximate cause* of the death of the

insured, independent of other possible causes, and not merely a *"contributing cause."* *Hall v. Gen. Acc. Assur. Corp.,* 16 Ga. App. 66 (85 SE 600); *United Ins. Co. of America v. Monroe,* 115 Ga. App. 747 (156 SE2d 99). We find no conflict in *Hall,* supra, where it was held that under the evidence presented the plaintiff was entitled to have the court submit to the jury the issue of fact as to whether the accidental injury or a pre-existing ailment was the proximate cause of death of the insured, with an instruction that to entitle the plaintiff to recover, the jury must be satisfied that the alleged injury was the proximate cause of the death. See *Hall,* p. 67 (3), and *Monroe,* supra, where this court held that under the evidence the accident (fall) sustained by the insured was only a contributing cause of the insured's death, not independent of other possible causes, and the plaintiff had failed to carry the burden of proof of death caused "directly and independently of all other causes by accidental bodily injury." Thus, in *Hall,* this court held that, under the evidence in that case, a jury issue was presented; whereas, in *Monroe,* this court held the evidence insufficient in that regard.

When a judge presides as trier of fact, pursuant to Code Ann. § 81A-152 (a), supra, he must make written findings of fact and conclusions of law. Except in cases of special verdicts, this is not required of the jury. Its verdict speaks its finding of fact and is upheld where there is any competent evidence to support it.

The trial judge heard the case without a jury. In his findings of fact and conclusions of law, quoted above, he found as a matter of fact, only an injury which *"did contribute to* the infarction of the small bowel and to her death on June 17, 1971" (R.16), but concluded that by reason of such findings, "the defendant is liable under the terms of the policy." (Emphasis supplied.) Thus, the trial judge has found as a matter of fact in each case an injury which *contributed to* the insured's death, whereas the insurance policy requires that death result from accidental bodily injury *"directly and independently* of all other causes." (Emphasis supplied.) Since the conclusion of law must be based on the finding of fact, it is inescapable that coverage cannot be held to exist in this

case. Had the trial judge found as a matter of fact that the insured had sustained an accidental injury which was the proximate cause of her death or one which directly and independently of all other causes resulted in the insured's death, we would then affirm the conclusion of law holding coverage to exist if there was any evidence for its support. In the cases before us, the trial judge's finding of fact is strongly supported by the evidence. However, his conclusion of law based thereon is erroneous.

The judgment of the State Court of DeKalb County is reversed with direction that the conclusions of law and judgments in each of the above cases be amended in conformity with the findings of fact previously made.

*Judgment reversed. Bell, C. J., Quillian, Clark, Webb and Marshall, JJ., concur. Pannell, P. J., concurs in the judgment of reversal but would remand for further finding of fact. Deen, P. J., and Evans, J., dissent.*

50693, ARGUED MAY 21, 1975; 50848, ARGUED JULY 1, 1975 — DECIDED SEPTEMBER 22, 1975 — REHEARING DENIED OCTOBER 24, 1975.

*Dunaway, Haas & Broome, George Haas,* for Beneficial Standard Life Ins. Co.

*Gambrell, Russell, Killorin & Forbes, Sewell K. Loggins, Douglas N. Campbell,* for Allstate Ins. Co.

*Hendon, Egerton, Harrison & Glean, E. T. Hendon, Jr.,* for appellees.

DEEN, Presiding Judge, dissenting.

The judicial construction of insuring and exclusionary clauses in policies of insurance has long troubled the courts of this state. No part of this problem has been more troubling than the interpretation of accidental death clauses when the insured had a pre-existing infirmity which might have caused or contributed to the death. The cases dealing with this issue seem to turn upon the language of the policies and the wording of the clauses. *Pippin v. Mutual Life Ins. Co.,*

108 Ga. App. 741 (134 SE2d 446). *Hall v. Gen. Acc. Assur. Corp.,* 16 Ga. App. 66, 73 (85 SE 600) involved the construction of a policy insuring against loss of life " 'which shall result *solely and exclusively'* from 'bodily injuries effected through external, violent, and accidental means.' " (Emphasis supplied.) There the insured, who was suffering from an incurable disease, fell and soon died; this court in interpreting the clause above, held that the insurer would not be relieved of liability even though the insured's death may only have been accelerated by the fall. "[L]iability is not defeated merely because the existing disease aggravated or rendered more serious the consequences of the accident." Id., p. 74. *Hall* makes it clear that the issue of coverage under a clause insuring against injury or death caused solely by accidental means is one of causation only. "Whether the injury was the proximate cause was purely a question of fact, for it involved a determination, upon evidence, of the relations between the alleged causes and effects, and nothing more; and not only might the jury have found that one of the causes was a mere condition, but when two or more causes may have contributed to an injury, and there is doubt, or the facts are of such a character that equally prudent persons would draw different conclusions, as to which of the contributing causes was the efficient, dominant and proximate cause, the question should be submitted to the jury." Id., pp. 66, 67 (3). "[W]hen the plaintiff shows a bodily injury which, prima facie, was inflicted through external, violent, and accidental means, the insurer, in order to rebut a prima facie right of recovery and to defeat liability must show . . . that the injury in question was due in the first instance, either wholly or in part, to the disease from which the insured appears to have suffered. . . If there is evidence that the result was caused by an intervening cause, or that such a cause contributed to the result, it is then for a jury to say whether or not the presumption raised by proof of an injury due to a cause prima facie accidental has been rebutted. . . *The ascertainment of the proximate cause of death is the real object to be attained in every such case as that now before us."* Id., pp. 76-77. (Emphasis supplied.)

The majority makes much of the fact that the trial judge, as the trier of fact in this case, found the injury to the insured *contributed* to her death, whereas the policy requires that death result *"directly and independently* of all other causes." (Emphasis supplied.) It is true that *United Ins. Co. of America v. Monroe,* 115 Ga. App. 747 (156 SE2d 99) holds that under a clause insuring against death caused "directly and independently of all other causes by accidental bodily injury" the beneficiary has the burden of proving that the accident was not merely a contributing cause of the death of the insured. *Monroe* and the majority however ignore the language of *Hall* which states: "[I]f the injury, by aggravating the disease, accelerated the death of the assured, then it resulted 'directly, independently and exclusively of all other causes.' In other words, if death would not have occurred when it did but for the injury resulting from the accident, it was the direct, independent, and exclusive cause of death at that time, even though the death was hastened by the diseased condition." Id., p. 78. I interpret this to mean, while the majority does not, that when an injury accelerates the death of an insured from a pre-existing disease, if the death would not have occurred when it did but for the injury received in the accident, the trier of fact may find the accident to be the proximate cause of death even though it may be contributory in the sense that a healthy person would not have succumbed to the injury.

The language in the policy sub judice insures against death "resulting directly and independently of all other causes" other than accident. While this language is exactly like that interpreted in *Monroe,* the *Hall* case notes there is no difference in the construction of policy language which purports to compensate death by accident "independently of all other causes" and that which limits recovery for death due "solely and exclusively" from accident. *Hall,* supra, p. 74. It appears to me that this case requires this court to choose between two fundamentally differing interpretations of accidental death clauses, as evidenced by the *Hall* and *Monroe* cases when the insured suffered from a pre-existing disease. *Hall* on the one hand stands for the proposition that in

such a case the issue is one of proximate cause of death for the jury to determine, that the burden of proving non-liability is on the insurer and that an injury received in an accident may be found to be the proximate cause of death even though the pre-existing condition may be ultimately found to be a contributing factor. *Monroe* on the other hand mandates that the burden of proving recovery is on the beneficiary and there is no liability where the pre-existing infirmity was a possible contributing cause of death. I disagree with the majority that there is no conflict between these cases. What the majority has done here is to emasculate *Hall* while purporting to follow it. I believe that the reasoning in *Hall* is sound and that anything to the contrary in *Monroe* should be overruled. "If a company which writes accident insurance insures one who is suffering from a number of maladies against loss of life solely and exclusively due to the accident, and an accident happens which perhaps would not have caused the death of a normally healthy person and yet which, by precipitating the baneful effects of the maladies, shortens the life of the person in question by any appreciable length of time, no matter how short, the injury, as the underlying essential proximate cause, must at last be said to have produced the result which otherwise would not have happened at the time and place at which it occurred." *Hall*, supra, p. 71.

There was ample evidence on which the court, hearing the matter without a jury, could decide the issue of proximate cause in favor of the insured's beneficiary, although the evidence as a whole also requires a finding that the pre-existing physical infirmity was a contributing factor in her death. Because I believe that *Monroe* should be overturned and that *Hall* should be followed whereas the majority believes that *Monroe* is to be preferred to *Hall*, I must respectfully dissent.

EVANS, Judge, dissenting.

Samuel Holcombe and his wife were insured against accidental death in a policy written by Allstate Insurance Company, if insured sustained an injury while occupying a private passenger automobile. Ms. Usalavage (her

daughter) was beneficiary in an identical policy written by Beneficial Standard Life Insurance Company. Mrs. Holcombe had a history of arteriosclerosis, having previously had an operation involving an arterial transplant.

On June 8, 1971, she was injured in an automobile incident in a parking lot when the steering wheel of the automobile driven by her came off, the automobile hit a curve and ran down an incline. She injured her abdomen, but refused to go to the hospital. Instead she went home and went to bed. The next day her abdomen was considerably swollen but she still refused to go to the hospital. Her sister who was a practical nurse came to take care of her. The next night her abdomen was still swollen and her family doctor was called who tried to get her to go to the hospital, but she refused. She never got out of bed, began hemorrhaging on June 17, and died on June 18, 1971, at DeKalb General Hospital.

Proof of loss and claim was made, and the insurer refused to pay. Samuel L. Holcombe, as beneficiary, sued to collect on the policy. Ms. Usalavage likewise filed suit.

The lower court denied a motion for summary judgment by the defendant, which ruling was affirmed and is fully reported in *Allstate Ins. Co. v. Holcombe*, 132 Ga. App. 111 (207 SE2d 537). In a whole court decision, voting 7 to 2, this court held a fact question remained, whether the deceased died as a result of the accidental injury received in the automobile incident 8 days before her death although the death certificate stated that the deceased died from infarction of the lower bowel due to marked arteriosclerosis.

The cases were tried before the court without a jury resulting in judgments for the plaintiffs. Defendants appeal.

1. The court found as a matter of fact that the deceased sustained an injury in her abdominal region on June 8, 1971; that she complained of pain, refused hospitalization; was cared for by a nurse; and did not recover, but remained in bed until her death. The court also found that the immediate cause of her death was an infarction of the lower bowel; that there was opinion testimony that such an injury as the deceased received

could have contributed (in her doctor's medical opinion) to the infarction and to her death.

2. The conclusion of law by the court in both cases was that the defendant is liable under the terms of the policy, the claim is liquidated, and plaintiff is entitled to judgment.

3. As stated in *Allstate Ins. Co. v. Holcombe,* 132 Ga. App. 111, 115 (3), supra, (the testimony being almost identical to that submitted to the trial judge as was presented on summary judgment) the evidence was sufficient to show that the infarction of the bowel was caused by and immediately followed the abdominal injury sustained by the deceased in the automobile incident and "was caused directly and independently of all other causes by the accidental injury received." Inferences clearly arise that when the steering wheel came off, there was injury to her abdomen. As further stated at page 115 of that opinion, there was testimony to rebut the presumption created by the death certificate that the infarction was caused by the existing arteriosclerosis.

4. Based upon all of the evidence heard by the court since the evidence did not demand a finding for the defendants (as stated in *Allstate Ins. Co. v. Holcombe,* 132 Ga. App. 111, supra), there was evidence to authorize findings and conclusions of law as found by the lower court in the *Holcombe* case (No. 50848) as well as the *Usalavage* (No. 50693) case.

In view of all of the foregoing, I respectfully dissent from the majority opinion, feeling that the trial judge was correct in holding the plaintiffs were entitled to recover.